**EBERT v. MILLER, Alien Property Custodian, et al.**

(Court of Appeals of District of Columbia. Submitted February 9, 1925. Decided March 2, 1925. Petition for Rehearing Denied March 21, 1925.)

No. 4151.

**Gifts ⬤�377 49(1)—Evidence held insufficient to establish valid gift of corporate stock.**

Evidence *held* insufficient to establish valid gift of corporate stock by alien enemies to their son, resident of the United States, so as to entitle him to recover such stock from Alien Property Custodian, under Trading with the Enemy Act, § 9, as amended by Act Dec. 27, 1922 (Comp. St. Ann. Supp. 1923, § 3115½e).

Appeal from the Supreme Court of the District of Columbia.

Suit by Egon Ebert against Thomas W. Miller, as Alien Property Custodian, and Frank White, as Treasurer of the United States, and others. Decree for defendants, and plaintiff appeals. Affirmed.

Marion De Vries and W. F. Norman, both of Washington, D. C., for appellant.

D. H. Stanley and Peyton Gordon, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appeal from the Supreme Court of the District of Columbia. Appellant, plaintiff below, filed a bill against the defendants, Thomas W. Miller, as Alien Property Custodian, and Frank White, as Treasurer of the United States, under the provisions of section 9 of the Trading with the Enemy Act, as amended by Act Dec. 27, 1922 (Comp. St. Ann. Supp. 1923, § 3115½e), to recover certain shares of stock seized by the Alien Property Custodian and held in his possession.

Plaintiff's claim is based upon allegations in his bill to the effect that he had been a resident of the United States since 1911, and that on the 25th day of June, 1914, his father, Heinrich George Ebert, and his mother, Emilie Ebert, made him a gift of 1,000 shares of preferred capital stock of the R. & H. Simon Company, a New Jersey corporation, evidenced by preferred stock certificate No. 2, and of 3,499 shares of the common stock of the said corporation, evidenced by common stock certificate No. 29. If these claims can be substantiated, as suggested by the court below, there is no difficulty in regard to the law of the case. Plaintiff would be entitled to the return of the stock.

The case, therefore, turns upon an issue of fact. Plaintiff and his father and mother, each testified that on the 25th day of June, 1914, the father and mother, being on a visit to this country, went with plaintiff to the office of their attorney in the city of New York, a Mr. Hansmann, since deceased; that the father and mother there assigned the certificates in blank, and delivered them to the plaintiff, who had them in his possession for a short time; that the gift was discussed between them and the attorney; and that the attorney advised the parents that, in order to make a valid gift, it was not necessary to have the stock transferred on the books of the company, but that it could be done by indorsement of the shares in blank and delivery of the shares to the plaintiff. Plaintiff identified the stock as that which had been indorsed in his presence and delivered to him by his father and mother.

If the testimony stopped here, the gift would constitute a valid conveyance of the stock from the parents to plaintiff; but it appears that on the back of the certificates was a blank power of attorney, signed by the father and mother, appointing one Charles W. Muller, attorney, to transfer the stock. This power of attorney was executed in the presence of Muller. Plaintiff testified that Muller was present at the time the assignment of the stock was executed in the office of the attorney. Muller, on the other hand, testified that he is a director of the R. & H. Simon Company; that he was acquainted with the plaintiff and his parents; that the parents never spoke to him about any gift; that the certificates were indorsed by the parents in blank in his private office at Union Hill, N. J.; and that plaintiff was not present on that occasion.

On June 25, 1914, the parents deposited the stock in question with Dommerich & Co., New York bankers, accompanying the deposit by a letter, specifically referring to the certificates as in the name of Emilie Ebert and Heinrich George Ebert, with the following instruction: "You will kindly take care of these shares for us and hold them at our disposal." The parents were then on the eve of returning to Germany, and there is no indication in this communication that they had disposed of the stock or given it to their son.

On May 31, 1919, a suit was brought by plaintiff in the District Court of the United States for the Southern District of New York against the Alien Property Custodian,

in which plaintiff alleged that he had been the owner of the stock since June 9, 1915, and alleged that his title to the shares was evidenced by a power of attorney of that date, executed by the parents to the plaintiff, whereby they authorized the plaintiff as their true and lawful attorney to vote the stock of the said R. & H. Simon Company, "owned by us and each of us, or standing in our and each of our names, at any meeting of the stockholders of said corporation, * * * as fully and completely as we or either of us could do if present, as stockholders of said corporation." Plaintiff attempts to explain this, by testifying that he protested to his lawyers against basing his claim upon that paper, and that their answer was that it was all that he had in writing upon which to base his claim. It also appears that all dividends on the stock down to the time of its seizure by the Alien Property Custodian were transmitted to the parents through the American banks. Thus they were not only asserting ownership over the stock, but receiving the dividends for several years after the alleged gift was made.

On June 25, 1921, the parents, without reference to the supposed gift of June 25, 1914, attempted to assign the stock to the appellant. This document purported to assign all the interest of the parents in the stock to their son, together with all dividends due or to become due thereon, and appointed the son as their lawful attorney to transfer the shares of stock on the books of the R. & H. Simon Company, "in accordance herewith and hereby confirming and ratifying in all respects the agreement heretofore made with our son Egon R. Ebert, on or about the 9th day of June, 1915; it being the purpose of this instrument to vest and confirm the vesting of the legal and equitable title of Egon R. Ebert in all the personal property above mentioned."

It is insisted that this amounts to a ratification of the gift, alleged to have been made on June 25, 1914, but it will be observed that what is attempted to be ratified is the power of attorney of June 9, 1915. It is too clear to admit of argument that this document cannot in any way be construed to operate as a confirmation of the alleged gift, through which alone the plaintiff could claim title to the property at the time of its seizure.

The court below dismissed the bill upon the ground that the testimony, with reference to the gift, was so discredited by the testimony of disinterested witnesses, and by record evidence, as to be unworthy of belief. The learned justice had the witnesses before him and was thus afforded every opportunity to determine, from their appearance and conduct on the stand, the degree of credibility to be accorded them. We agree that the evidence totally fails to sustain the validity of the alleged gift of 1914. Eliminating this, the case falls.

The decree is affirmed, with costs.