## ROWAN et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9796.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1941.

Muckleroy McDonnold, of San Antonio, Tex., for petitioners.

Richard H. Demuth and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The question in this case is whether petitioners were entitled to deduct, in their United States income-tax returns for 1937, income taxes alleged to have accrued to the Republic of Mexico in 1937 which were paid in 1938.

The firm of Rowan and Hope is a domestic partnership which does business in Texas and Mexico. The members of the partnership and their wives filed separate income-tax returns for the calendar year 1937 which included income from the partnership under the community-property law. In those returns a deduction was claimed for income taxes alleged to have accrued during the year 1937 to the Republic of Mexico. The Commissioner disallowed the deduction, the Board of Tax Appeals sustained the Commissioner, and this appeal followed.

The partnership return of income to the Republic of Mexico was made for the fiscal year from August 25, 1937, to August 24, 1938, and the taxes found to be owing were actually paid in 1938. The deductions taken here were for the amount of such taxes which were claimed to have accrued from August 25, 1937, to December 31, 1937. The Commissioner disallowed the deductions on the ground that all the events which fixed the amount due to the Mexican Government and determined the tax liability there had not occurred by December 31, 1937, the close of petitioners' taxable year in the United States.

The taxpayers were entitled to deduct income taxes paid or accrued to foreign governments during the tax year.[1] Therefore, if the taxes alleged to have accrued during 1937 to the Republic of Mexico actually did accrue, the deductions should have been allowed; but the record before us does not disclose whether or not the foreign taxes paid in 1938 accrued in part in 1937. The presumption is that taxes are rightly collectible upon assessments correctly made by the Commissioner, and, in a suit seeking a redetermination, the burden rests upon the taxpayer to prove all the facts necessary to establish the correctness of the deductions.[2] It is impossible for the court to determine what income taxes accrued to the Republic of Mexico during the year 1937 from these taxpayers without construing the Revenue Laws of the Republic of Mexico in the light of the facts of this case. The record in this case contains no proof of what those laws are, and the rule that the courts of one country cannot take cognizance of the laws of another without plea and proof has been consistently maintained in the courts of the United States.[3]

Since petitioners failed to meet the burden of proof which rested upon them, the prima facie case made out by the Commissioner's determination stands, and the Board's decision so holding is affirmed.

[1] Sec. 131, Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A.Int.Rev.Code, § 131.

[2] Niles Bement Pond Co. v. United States, 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901; Avery v. Commissioner of Internal Revenue, 5 Cir., 22 F.2d 6, 55 A.L.R. 1277; Quinn v. Commissioner of Internal Revenue, 5 Cir., 111 F.2d 372.

[3] Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U.S. 397, 445, 9 S. Ct. 469, 32 L.Ed. 788, and cases therein cited.