## HANCOCK OIL CO. v. UNIVERSAL OIL PRODUCTS CO.

### No. 9530.

Circuit Court of Appeals, Ninth Circuit.

June 13, 1941.

MATHEWS, Circuit Judge, dissenting in part.

———◆———

F. A. Knight, of Long Beach, Cal., for appellant.

Lyon & Lyon, Frederick S. Lyon, Leonard S. Lyon, and Charles G. Lyon, all of Los Angeles, Cal., Thomas G. Haight, of Jersey City, N. J., and Charles M. Thomas, of Washington, D. C., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

On March 12, 1935, the predecessor of the Universal Oil Products Company [hereinafter referred to as "Universal"] brought suit against the Hancock Oil Company [hereinafter referred to as "Hancock"] for an alleged infringement of three patents for the cracking of oil.

On March 31, 1936, Universal filed a bill in the nature of a supplemental bill of complaint alleging inter alia its succession to the original plaintiff and to the patents and all rights of action arising thereunder.

Hancock answered the complaint on July 30, 1936, denying infringement and setting up the usual defenses of invalidity of the plaintiff's patent.

On December 15, 1936, Hancock filed a counterclaim and petition for declaratory relief.

Over two years later, on April 9, 1939, Hancock served notice on Universal that it would move the Court for permission to file an "Amended and Supplemental Answer to the Bill of Complaint, and to the Bill in the Nature of a Supplemental Bill of Complaint", and to file an "Amendment to Counterclaim and Petition for Declaratory Relief". The District Court denied both motions when made, except that it granted permission to "add to its [Hancock's] answer as filed, specifications as to additional instances of claimed prior use or prior invention".

The present appeal is taken from the denial of the motions to file the proposed amended pleadings.

Universal has heretofore presented us with a motion to dismiss the appeal on the ground that the order of the District Court was a nonappealable order and that hence this Court is without jurisdiction. We denied the motion in so far as it concerned the denial of the filing of the counterclaim amendment, and reserved the question of the appealability of the order denying the motion to file the amendment to the complaint. Hancock Oil Company v. Universal Oil Products Co., 9 Cir., 115 F.2d 45. This

part of the motion to dismiss is now before us, together with the merits of the appeal.

### Motion to Dismiss

The proposed amendment to the answer sets out allegations to the effect that Universal has engaged in conduct which, it is urged, should bar it from relief in a court of equity under the "clean hands" doctrine. It is unnecessary to outline these alleged acts, as we are of the opinion and hold that the appeal must be dismissed so far as it concerns the denial of Hancock's motion to file an amendment to its answer.

The order denying leave to file the amendment to the answer obviously was not a final order so as to be appealable under Section 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a). Nor is it appealable under Section 128(b) or Section 129 of the Judicial Code, 28 U.S.C.A. §§ 225(b) and 227. There is no basis for contending that it is an appeal from an order refusing an injunction by an interlocutory order or decree so as to bring it within the last mentioned sections, as was the case with the order denying leave to file the amendment to the counterclaim. See the previous decision of this court, Hancock Oil Co. v. Universal Oil Products Co., supra.

The appeal from the order denying Hancock's motion to file its "Amended and Supplemental Answer to the Bill of Complaint, and to the Bill in the Nature of a Supplemental Bill of Complaint" is dismissed.

### The Merits

We turn, therefore, to the order denying the motion to file the "Amendment to the Counterclaim and Petition for Declaratory Relief".

Hancock relies upon Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, reading as follows: "(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * **" [Italics supplied.]

It is recognized by Hancock that it could not amend its pleading as of right, but it is urged before this court that the District Court abused its discretion in denying the motion in view of all the circumstances. Attention is called to the italicized portion of the rule above quoted, that leave to amend shall be freely given when justice requires. Hancock argues that the proposed amendment to the counterclaim is "compulsory" in character, and that the trial court's denial of the motion to file the same takes from Hancock entirely its right to recover at a future date. For this reason, it is urged, the denial of the motion for leave to amend constituted an abuse of discretion.

In our previous opinion in this case, supra [115 F.2d page 47] we said: "Since the counterclaim arises out of the 'transaction or occurrence that is the subject matter of the opposing party's ·claim', i. e. the ownership and introduction to the public of the plaintiff's patents, and since the counterclaim's allegations would warrant the relief against the plaintiff without the presence of the other parties to the conspiracy, the counterclaim is 'compulsory' in character and 'shall' be stated in the answer or the right to recover thereon is lost."

Universal, however, has again raised in its briefs the question as to whether or not the counterclaim sought to be introduced into the case by the amendment to the original counterclaim arises out of the transaction or occurrence which is the subject-matter of the suit, that is, whether or not it falls within subdivision (a) of Rule 13 of the Federal Rules of Civil Procedure providing for compulsory counterclaims.[1] It is urged by Universal that the language of our previous opinion, quoted above, was unnecessary to the decision on the motion to dismiss the appeal and was [quoting from Universal's brief] "rendered without the advantage of full briefing and argument on the point". It is Universal's

[1] "Rule 13. (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ฺnd does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

position that the proposed counterclaim is of the permissive character and that Hancock by the denial of its motion has not been deprived of any of its rights or remedies.

We see no need for a further consideration of this question, for whether the proposed counterclaim was compulsory or permissive, still the fact remains that the motion was for leave to amend a counterclaim already on file, over two years after it was filed. Whether or not this amendment would be allowed was in the sound discretion of the trial court, and the decision of that court will not be reversed except for an abuse of its discretion. It should be noted in passing that the requisite diversity of citizenship is present, so even if the proposed counterclaim is of the permissive type, no jurisdictional question was present in the case.

The proposed amendment to the counterclaim sought to set up as an additional ground of counterclaim an alleged violation of the Clayton Act, 15 U.S.C.A. § 15. It is lengthy, taking up some 52 pages of the printed transcript before us, and we shall not attempt to summarize the allegations in detail. Briefly, the gravamen of the charge is that Universal and other named gasoline companies expressly or impliedly agreed and entered upon a common course of dealing between themselves respecting the validity of their respective patents; (b) from time to time to exchange cross-licensing and immunity agreements; (c) to continually exert efforts to cause independent refiners to take out licensing agreements under one or more of the various groups of patents held by the various companies; and (d) from time to time as other companies and groups of companies acquired cracking patents to exchange cross-licensing agreements with them and admit them to participation in the royalties derived from licensing agreements. It is alleged that said companies in entering into said agreements and course of conduct were actuated by a desire to dominate the production and sale of cracked gasoline throughout the United States, in restraint of trade.

As stated in our preliminary statement, the motion to amend the counterclaim was made over two years after the filing of the original counterclaim, and over four years after the commencement of the action. As reasons for the delay, affidavits were presented to the trial court to the effect that the new allegations set out in the proposed amendment were unknown to Hancock until March, 1939, about 30 days prior to presenting the motion to amend.

In opposition to the motion for leave to amend, Universal presented, among other things, the affidavit of one Charles M. Thomas, an attorney for Universal, to the effect that in the action of Universal Oil Products Company v. Danciger Refineries, Inc., In Equity No. 804, pending in the United States District Court, Northern District of Texas, Fort Worth Division, and involving the same patents as those in suit, the defendant therein had on or about October 10, 1938, filed an answer and counterclaim setting up allegations in all material respects identical with the allegations of Hancock in the proposed counterclaim.

The only attempt by Hancock to overcome the effect of Thomas' affidavit referred to was the averment of Hancock's affidavit to the effect that "neither affiant nor defendant [Hancock] have the means of watching various United States District Courts of the United States to ascertain the contests [sic] of the pleadings of suits filed therein". No attempt was made to show diligence on the part of Hancock to ascertain the facts alleged in the proposed amendment to the counterclaim, or to keep in touch with other suits involving the patents here involved.

It should be remembered in this connection that in order for Hancock to have knowledge of such suits all that would be necessary would be to make periodic inspection of the Patent Office file wrappers of the patents in suit, for under 35 U.S.C.A. § 70 it is the duty of the Clerk of the District Courts "within one month after the filing of any action * * * arising under the patent laws to give notice thereof in writing to the Commissioner of Patents, setting forth in order * * *" the names and addresses of the litigants, names of the inventors, the numbers of the patents involved, and subsequent notice of any additions of other patents by amendment to the complaint, answer or cross-bill or other pleading. The Statute also provides that the Commissioner of Patents shall "forthwith indorse" these notices upon the file wrapper of the patents and incorporate the same as part of the contents. Thus a public record was made in the United States Patent Office upon the file wrappers of the three patents in suit of the Danciger Refineries case above referred to.

962

With this in mind Hancock's affidavit "That affiant until these conversations [in March, 1939] had no knowledge of the facts constituting the defenses in the cases of Universal v. Danciger Refineries, Inc. * * *" loses much of its weight.

Universal also showed by affidavit that there had been other suits filed in other District Courts involving many of the same questions as attempted to be raised by the amended counterclaim, and also that these suits had been resumed in the National Petroleum News, a trade magazine of general circulation in the oil industry, and that Hancock was a subscriber to this magazine. However, what we have said above relative to the Danciger suit makes further discussion unnecessary.

It also appears that the trial court was presented with evidence to the effect that in one of these suits the alleged facts were tried and adjudged to be without merit.

In view of the vast interest of Hancock in the subject matter of the patents in suit, it may well be that the trial judge was unconvinced that Hancock was entirely ignorant of these important events and that it failed to give the matters the attention their importance demanded.

In the circumstances we are unable to hold that the District Court abused its discretion in refusing leave to amend.

Affirmed.

MATHEWS, Circuit Judge (dissenting in part).

For reasons heretofore stated by me (Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 115 F.2d 45, 48), the appeal from the order denying leave to file an amendment to the counterclaim, as well as from the order denying leave to file an amended and supplemental answer, should be dismissed.