## EMPRESA AGRICOLA CHICAMA LTDA. v. AMTORG TRADING CORPORATION.

District Court, S. D. New York.

Nov. 10, 1944.

Sidney S. Bobbe, of New York City, for plaintiff.

Charles Recht, of New York City, for defendant.

RIFKIND, District Judge.

The defendant moves for an order vacating the plaintiff's notice to take the testimony of a witness by written interrogatories. The motion presents a novel question.

The proposed interrogatories disclose that plaintiff proposes to elicit from the witness evidence as to the law of Peru. The

complaint does not plead Peruvian law; nor do the allegations of the complaint disclose facts from which it can be inferred that the controversy between the parties is governed by the laws of Peru.

Under Rule 26(b), F.R.C.P., 28 U.S.C.A. following section 723c, a witness can be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Since Peruvian law has not been pleaded, defendant contends that the proposed deposition cannot possibly be relevant to the subject matter.

Plaintiff tries to meet this contention by reliance on Section 344-a of the New York Civil Practice Act which went into effect on September 1, 1943. Graybar Electric Co., Inc. v. New Amsterdam Casualty Co., 1944, 292 N.Y. 246, 54 N.E.2d 811. That section simplifies the proof of foreign law, authorizes the taking of judicial notice of such law, and in subdivision D thereof provides:

"The failure of either party to plead any matter of law specified in this section shall not be held to preclude either the trial or appellate court from taking judicial notice thereof."

■ Unquestionably, by virtue of Rule 43(a), F.R.C.P., the more liberal rule for the reception of evidence relating to foreign law, now operative in the New York state courts, has become applicable in the federal courts located in New York. But no such submission to State rules of pleading, as distinguished from evidence, obtains in the federal courts under the Federal Rules of Civil Procedure. With respect to the requirements of a federal pleading, subdivision D of Section 344-a of the New York Civil Practice Act is, therefore, not controlling. The federal rule of pleading is well established. Foreign law is matter of fact which must be pleaded and proved. Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 1889, 129 U.S. 397, 445, 9 S.Ct. 469, 32 L.Ed. 788; Rowan v. Commissioner of Internal Revenue, 5 Cir., 1941, 120 F.2d 515. Although Section 344-a has changed the character of proof admissible in this district court to prove foreign law, it has not dispensed with the necessity of pleading the foreign law, if it is to be proved.

■ It follows that in the present state of the pleadings the proposed deposition is not material to the subject matter and the motion to vacate the notice thereof is, therefore, granted.

■ Upon the argument it appeared that the plaintiff was unwilling to amend the complaint to plead foreign law because counsel had not yet quite decided whether the cause of action was governed by foreign or domestic law. The Federal Rules of Civil Procedure do not require an election at this time. Rule 8(e) (2) authorizes a party to "state as many separate claims or defenses as he has regardless of consistency * * *."

Settle order on notice.