## FRANK ADAM ELECTRIC CO. v. WESTINGHOUSE ELECTRIC & MFG. CO.

## WESTINGHOUSE ELECTRIC & MFG. CO. v. FRANK ADAM ELECTRIC CO.

Nos. 12818, 12819.

Circuit Court of Appeals, Eighth Circuit.

Jan. 11, 1945.

John H. Sutherland, of St. Louis, Mo. (Clarence T. Case, of St. Louis, Mo., on the brief), for Frank Adam Electric Co.

Victor S. Beam, of New York City, and Carl S. Lloyd, of Chicago, Ill. (Ralph H. Swingle, of East Pittsburgh, Pa., and Joseph J. Gravely, of St. Louis, Mo., on the brief), for Westinghouse Electric & Mfg. Co.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

In a complaint and a supplemental complaint the Westinghouse Electric & Manufacturing Company alleged ownership of the following patents: Kranz, No. 1,551,-314; Anderson, No. 1,675,322; Hogan, No. 1,749,536; Hodgkins, No. 2,073,103; Hodgkins, No. 2,073,104; and Jennings, No. 2,-190,517, and charged that the defendant Frank Adam Electric Company had and still was infringing certain designated claims of each of said patents by its Type AC circuit breaker service equipment.

The answer denied infringement and alleged invalidity of all the patents in suit.

After trial upon the merits the court found and decreed that all the patents in suit are valid as to all the claims sued upon; that Hodgkins No. 2,073,103 has been infringed as to all claims sued upon as exemplified in plaintiff's exhibits 1 and 18; and that defendant's device does not infringe any of the other patents in suit.

Both parties appeal from all findings and conclusions adverse to their respective contentions. Separate briefs have been filed in the two appeals, but in view of the conclusion we have reached both appeals may be disposed of at present in a single opinion, because, for a reason to be stated presently, the case must be remanded for further proceedings.

The patents are in the field of the electrical art. The accused device and the patented articles are automatic electric circuit breakers or cut-outs for use instead of fuses to open electric circuits for purposes of safety when abnormal conditions occur such as an overload or a short circuit.

The suit was filed October 17, 1939. The answer was filed September 20, 1940. The case was tried in June, 1942, and findings and decree were filed September 24, 1943.

The question which we have determined requires a remand of the case for further proceedings arises out of the denial of tendered amendments to the answer and the rejection of evidence offered at the trial by the defendant. By the proposed amendments and the rejected evidence the defendant attempted to interpose the defense of unclean hands. The steps taken to present this issue and the reason of failure are shown in the record.

On January 3, 1941, the defendant in the exercise of its right under Rule 15(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, amended its answer. It did not plead unclean hands either in its answer or in this first amendment. On February 24, 1941, defendant presented a motion for leave to file a counterclaim as a further amendment including the defense of unclean hands. Leave to file was granted, but upon motion of plaintiff to strike on the ground of delay the amendment was stricken. On April 19, 1941, a motion for rehearing was denied for failure of defendant to show that its delay was due to oversight, inadvertence, or excusable neglect. Rule 13(f). On January 23, 1942, defendant filed its request for leave to file a second amendment to answer which included, among other matters, the defense of unclean hands. Leave to file that part of the amendment relating to the defense of unclean hands was, upon objection of plaintiff, denied "without prejudice." On January 23, 1942, defendant then served upon counsel for plaintiff and filed a notice that on the trial defendant would prove facts constituting unclean hands; and upon motion of plaintiff an order was entered on January 27, 1942, limiting the scope of the examination of witnesses to the issues joined by the complaint and answer as amended by permission and denying the defendant the right to inquire into the charge of unclean hands. Finally, at the trial the defendant made an offer to prove the matters contained in the defense of which leave to file had been denied, and upon objection of plaintiff the offer was rejected.

In brief summary the rejected amendments to the answer alleged that plaintiff has acquired a great pool of patents pertaining to circuit breakers by which it is enabled to and does dominate, restrain and

suppress competition in circuit breakers beyond the monopoly granted under any one or more of the pooled patents; and that plaintiff has used and is using the patents controlled by it, including the patents in suit, to create a monopoly in unpatented materials and devices, to-wit, circuit breaker parts, accessories, switchboards, panel boards, service equipment and load centers; and that plaintiff has entered into agreements with other circuit breaker manufacturers fixing the prices to the public of both the patented devices and the unpatented things.

The offer of proof rejected upon the trial reiterated in substance the facts alleged in the rejected amendments but in greater detail, naming the manufacturers with whom plaintiff has agreements and alleging a conspiracy to do the acts charged.

 The facts alleged and brought to the attention of the court in the proffered amendments to the answer and in the offer of proof are clearly sufficient, if established by evidence, to support a finding that the plaintiff comes into court with unclean hands and to warrant denial of the relief demanded of the defendant. It is the law that the grant of a patent is the grant of a special privilege; that the limits of the patent are narrowly and strictly confined to the precise terms of the grant; that the public interest is dominant in the patent system; and that the protection of the public interest denies to the patentee after issuance of the patent the power to use it in such a way as to acquire a monopoly which is not plainly within the terms of the grant. A court of equity will not lend its aid to protect a patent monopoly when the owner of the patent is using it as an effective means of restraining competition with its sale of an unpatented article. Mercoid Corporation v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268; Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363; Leitch Mfg. Co. v. Barber Co., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371; Carbice Corporation of America v. American Patents Development Corporation, 283 U.S. 27, 51 S. Ct. 334, 75 L.Ed. 819; Landis Machinery Co. v. Chaso Tool Co., 6 Cir., 141 F.2d 800. Compare, also, United States v. Masonite Corporation, 316 U.S. 265, 62 S.Ct. 1070, 86 L.Ed. 1461.

The defendant contends that the court erred (1) in denying the privilege to amend the answer in the particular requested and (2) in rejecting proof of unclean hands notwithstanding such defense was not pleaded.

 The right of a party to amend his pleadings is governed by Rule 15(a) of the Rules of Civil Procedure. The rule provides that under certain conditions a pleading may be amended once as a matter of course; but "Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Under this rule the allowance of amendments, after the first, is discretionary with the trial court, and refusal of leave is not ground for reversal except for abuse of discretion. Liberality in permitting amendments is required, however, "when justice so requires." Considering the failure of the defendant to show that its long delay in tendering its counterclaim and its second amendment was due to oversight, inadvertence, or excusable neglect, we can not say that the court abused its discretion in refusing amendments.

 The rejection of evidence to show unclean hands is a more serious matter than is the denial of amendments under Rule 15(a). Where the public interest is involved, as it is in a patent infringement case, the admissibility of such evidence does not depend upon the diligence or want of diligence of a party to the case. Neither does admissibility depend upon its relevance to the pleaded issues. The rule is firmly established that whenever in the course of the proceeding the court is informed in any way that the plaintiff is without clean hands, that it is using the monopoly of the patents in suit to restrain competition on unpatented things in violation of law, the court should inquire into the facts of its own accord, and if it finds the charge to be true relief should not be granted. The rule is not limited to patent infringement cases. In the case of American Ins. Co. v. Lucas, D.C.W.D. Mo., 38 F.Supp. 926, 934, 935. Judge Stone of this court, speaking for a three-judge court, said:

"In applying the maxim requiring equity from one seeking equity the court is concerned primarily with the rights and duties of the parties inter sese. In applying the 'clean hands' maxim the court is concerned primarily with protecting its own integrity from improper action by a party. The former arises upon the pleading of a party (usually defendant) against whom a fraud

has been committed. The latter need not be even pleaded; may come to the attention of the court in any way; and the court will act sua sponte. Bentley v. Tibbals, 2 Cir., 223 F. 247, 252; Primeau v. Granfield, 2 Cir., 193 F. 911, 913. Even when the matter is brought to the attention of the court by a pleading, the court acts 'not out of any regard for the defendant who sets it up, but only on account of the public interest.' McMullen v. Hoffman, 174 U.S. 639, 669, 19 S.Ct. 839, 851, 43 L.Ed. 1117."

See, also, 30 C.J.S., Equity, § 97, p. 487, 19 Am.Jur., Equity, § 469, p. 324. The rule was applied in the patent case of Bell & Howell Co. v. Bliss, 7 Cir., 262 F. 131, 135, and cases there cited.

Plaintiff neither denies the rule nor questions its application, but says, "The statement that unclean hands need not be pleaded merely means that if evidence, properly introduced under the pleadings, shows unclean hands, the court will take cognizance of the legal effect of the evidence properly before it." No authority is cited for this contention, and the rule is not so limited. Further, in the instant case the evidence offered to prove unclean hands was excluded at the request, or upon the objection, of the plaintiff. In no case do courts of equity reject evidence relevant to the integrity of the Chancellor's conscience or to the public interest, whether relevant to issues presented by the pleadings or not, when such evidence is offered in apparent good faith and may be of controlling importance. If a question is fundamental and determinative of a case a court will pass upon it although not raised by the parties. 21 C.J.S., Courts, § 182. And in every controversy all competent and material evidence must be received and considered by the court before final decision. See Donnelly Garment Co. v. National Labor Relations Board, 8 Cir., 123 F.2d 215, 224.

Having concluded that the trial court must hear and determine the charge of unclean hands, this court can not consider and decide the merits of the appeals at this time. The judgment appealed from is, therefore, vacated, and the case is remanded with directions to try upon its merits the issue of unclean hands, to file supplemental findings of fact and declarations of law upon that issue, and thereafter to enter judgment in accordance with the findings of fact and declarations of law as supplemented.