**F.A.R. LIQUIDATING CORPORA-TION, Plaintiff,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States of America, Successor to the Alien Property Custodian, Defendant.**

**Civ. A. No. 1462.**

United States District Court
D. Delaware.
April 18, 1955.

**692**

C. Waggaman Berl, Jr. (of Berl Potter & Anderson), Wilmington, Del., and Ernest S. Meyers (of Laporte & Meyers), New York City, for plaintiff.

Dallas S. Townsend, Asst. Atty. Gen., James D. Hill, Robert J. Wieferich and James H. Falloon, Washington, D. C., and Leonard G. Hagner, U. S. Atty., Wilmington, Del., for defendant.

LEAHY, Chief Judge.

This is an action by F.A.R. Liquidating Corporation, a Delaware corporation, against the Attorney General of the United States, under 50 U.S.C.A.Appendix, § 9(a). Plaintiff seeks recovery of 111 patents vested by defendant, acting under the authority of the Trading With the Enemy Act. On cross-motions, summary judgment was awarded in plaintiff's favor. F.A.R. Liquidating Corporation v. McGranery, D.C.Del., 110 F. Supp. 580. Such summary judgment was reversed on appeal with instructions to the District Court to proceed in accordance with the mandate. 3 Cir., 209 F.2d 375.

Plaintiff is a non-enemy corporation and alleges it is owner of the vested property in the patents by reason of the assignment to plaintiff from Frenseh, G.m.b.H., a German corporation. Summary judgment was awarded plaintiff because plaintiff was the owner by as-signment—the contract having been represented by an offer sent in May 1941 by cable from plaintiff to the German corporation and accepted by it on June 14, 1941 in a reply cable filed in Germany and transmitted to plaintiff in the United States. The master facts may be read in the two opinions, supra.

The immediate dispute concerns defendant's motion for a separate trial of the question whether German law is applicable to the contract relied on by plaintiff. Plaintiff, in turn, has a cross-motion directing defendant cannot raise the issue of German law.

Defendant's position is: (1) plaintiff having sued under the Trading With the Enemy Act must establish every statutory condition for relief including the burden of proving title to the vested property; (2) plaintiff resting on assignment of contract must prove every element of such contract; (3) where plaintiff alleges the contract was completed in Germany by an acceptance there, defendant is entitled to raise the question of applicable German contract law; (4) German law, like all foreign law, is a fact question which must be proved; (5) the court's former disposition of the cross-motions for summary judgment does not prevent the raising of the issue of the application of German law; and (6) separate trial of the issue of German law should be had under Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

1. Where an action is brought against the Attorney General of the United States as successor to the Alien Property Custodian, it is an action against the United States. A plaintiff to come within the terms of a remedial statute must prove all statutory conditions for recovery of his property.[1] Thus, under § 9(a) of the Trading With the Enemy Act, plaintiff must prove every element of the transaction upon which

1. Becker Steel Co. v. Cummings, 296 U.S. 74, 78, 56 S.Ct. 15, 80 L.Ed. 54; Cummings v. Deutsche Bank, 300 U.S. 115, 118, 57 S.Ct. 359, 81 L.Ed. 545; Banco Mexicano, etc., v. Deutsche Bank, 263 U.S. 591, 602–603, 44 S.Ct. 209, 68 L. Ed. 465.

it bases claim of title.[2] Defendant argues it is part of plaintiff's case to prove the contract of assignment was valid under German law; and as German law is applicable that foreign law is a question of fact which must be proved by plaintiff.

2. On November 29, 1954, a pretrial order was entered which, inter alia, provided:

"1. The issue or issues to be determined at the trial hereof is or are:

"A. Was the cable of acceptance of Fernseh, G.m.b.H., sent prior to 1:10 P.M. (E.S.T.) in Washington, D. C., June 14, 1941, and hence prior to the effective time of Executive Order 8785, 12 U.S.C.A. § 95a note?

"B. Can the question of the applicability of German Law to the completion of the contract be raised by defendant at this time?

"C. If the answer to 'B' is in the affirmative, was the execution of the contract between plaintiff and Fernseh controlled by German Law?

"D. If the answer to 'C' is in the affirmative, did the sending of the cable of acceptance of Fernseh, G.m.b.H., complete the making of the contract, or was the receipt thereof by plaintiff required to complete the contract under German Law?"

As stated, defendant has moved for a separate trial of the issue raised by sub-paragraph "D", supra. Since the issues isolated in sub-paragraphs "C" and "D" need not be determined if the answer to sub-paragraph "B" is in the negative, plaintiff then moved for an order determining the issue set forth in sub-para-

graph "B"; in short, plaintiff says the preliminary issue to be met (before any consideration is given to defendant's motion) is whether the applicability of German law to the completion of plaintiff's contract can be raised by defendant in the light of the opinion and mandate of the Court of Appeals.

The record here shows on May 29, 1952, plaintiff filed its complaint. On June 13, 1952, defendant filed answer which consisted of a general denial of the allegations of the complaint. On November 3, 1952, plaintiff filed its motion for summary judgment. On January 26, 1953, defendant in turn filed his counter-motion for summary judgment. The parties were apparently agreed there was no general issue of any material fact. Judgment in plaintiff's favor was entered; and the Court of Appeals on January 13, 1954, for the reasons stated in its opinion, reversed this court's judgment and remanded the cause "with instructions to the District Court to proceed in accordance with this opinion", 3 Cir., 209 F.2d 375, at page 380. After the receipt of the mandate from the Court of Appeals, at a subsequent pretrial conference, defendant for the first time suggested in his pretrial memorandum "that German Law governs the validity of the contract in this case and that under such law no valid contract was ever formed". Prior to the pretrial conference, the only contentions advanced by defendant in this court and the Court of Appeals were: (a) confirmation by plaintiff of Fernseh's acceptance was required before a contract was formed and (b) the only factual question involved was the time when Fernseh's acceptance cable was delivered to the Cable Office in Germany. The in-

2. Shoso Nii v. Clark, D.C., 81 F.Supp. 1003, reversed Shoso Nii v. McGrath, 9 Cir., 181 F.2d 1013, Id., D.C.Hawaii, 98 F.Supp. 509; Ebert v. Miller, 55 App. D.C. 220, 4 F.2d 296; Fujino v. Clark, 9 Cir., 172 F.2d 384; Thorsch v. Miller, 55 App.D.C. 295, 5 F.2d 118, appeal dismissed 273 U.S. 673, 47 S.Ct. 577, 71 L. Ed. 1318; Beck v. Clark, D.C.Conn., 88 F.Supp. 565, affirmed Beck v. McGrath,

2 Cir., 182 F.2d 315; Vort v. McGrath, D.C.D.C., 99 F.Supp. 59, affirmed per curiam, McGranery v. Vort, 91 U.S.App. D.C. 262, 199 F.2d 782, certiorari denied 345 U.S. 911, 73 S.Ct. 646, 97 L.Ed. 1346; Feller v. McGrath, D.C.W.D.Pa., 106 F.Supp. 147, affirmed sub nom. Feller v. Brownell, 3 Cir., 201 F.2d 670, certiorari denied 346 U.S. 831, 74 S.Ct. 24, 98 L.Ed. 355.

corporation of the issue of German law in the pretrial order was on the insistence of defendant.

■ 3. If foreign law is relied on, it must be pleaded and its substance, at least, laid out as a fact.[3] Not only must foreign law be pleaded, but the pleading must be more than mere reference to the foreign law. In Coronet Phosphate Co. v. United States Shipping Co., D.C. S.D.N.Y., 260 F. 846, 847, involving certain restraints placed on shipments to Sweden and Holland by Great Britain and her allies, Judge Learned Hand stated: "This allegation is certainly bad as it stands * * * in pleading foreign ordinances having the force of law the pleader is bound to allege more than his conclusion of the effects of the ordinance", and when foreign law is not pleaded and proved, it is presumed to be the law of the forum.[4]

■ 4. Defendant's present contention here is this "case was sent back for trial on the merits as to whether plaintiff and Fernseh had a contract, not just whether a certain cable was filed at a certain hour"; and "German Law governs the validity of the contract in this case and that under such law no valid contract was ever formed". As I read the opinion and mandate of the Court of Appeals, the only issue left open for the District Court's determination is stated in sub-paragraph "A" of paragraph "1" of the pretrial order, which reads:

"A. Was the cable of acceptance of Fernseh, G.m.b.H., sent prior to 1:10 P.M. (E.S.T.), in Washington, D.C., June 14, 1941, and hence prior to the effective time of Executive Order 8785?"

For example, the Court of Appeals made the following determinations:

(1) "* * * the facts on and before June 14, 1941, demonstrate that no confirmatory cable from FAR was required to consummate the contract. This conclusion is supported by the subsequent acts and declarations of F.A.R. and Fernseh", 209 F.2d 375, at page 379.

(2) The District Court's opinion that a contract was formed was adopted by the Court of Appeals providing the District Court found pursuant to the mandate the acceptance cable was transmitted prior to 1:10 P.M. on June 14, 1941, as the general denials in defendant's answer put in issue, as a fact, the time when Fernseh's acceptance was sent.

And (3) The Court of Appeals thus concluded:

"In the instant case there was a genuine issue of fact as to the time when Fernseh's cable was sent, and accordingly the court below erred in granting summary judgment in favor of FAR.

"For the reasons stated the judgment and order of the District Court will be reversed and the cause remanded with instructions to the District Court to proceed in accordance with this opinion." 209 F.2d 375, at page 380.

■ I cannot, therefore, view the case as sent back for trial on the merits as to whether plaintiff and Fernseh had a contract under German law. Under the mandate, the issue to be tried is when the acceptance cable was dispatched. I do not see how German law is within the issues because defendant has not pleaded it; consequently, he cannot raise or prove it. Defendant is not entitled to a trial of the entire factual issue of the

---

3. Empresa Agricola Chicama Ltda. v. Amtorg Trading Corp., D.C.S.D.N.Y., 57 F.Supp. 649, 650; Iafrate v. The Liberte, D.C.S.D.N.Y., 106 F.Supp. 619; United States v. National City Bank of New York, D.C.S.D.N.Y., 7 F.R.D. 241, 243; The Jean Jadot, D.C.E.D.N.Y., 14 F.Supp. 161.

4. Molina v. Sovereign Camp, W. O. W., D.C.Neb., 6 F.R.D. 385, 397–398; U. S. ex rel. Jelic v. District Director of Immigration and Naturalization, 2 Cir., 106 F.2d 14, 20; Rowan v. Commissioner of Internal Revenue, 5 Cir., 120 F.2d 515, 516.

making of the contract between plaintiff and Fernseh. The precise question is whether Fernseh's acceptance cable was transmitted prior to the effective date of the Executive Order of the President of the United States. Unless foreign law is expressly pleaded "the case must be decided according to the law of the federal courts as a question of general commercial law". Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U.S. 397, 444–446, 9 S.Ct. 469, 473, 32 L.Ed. 788. In moving for the trial of the separate issue, defendant seeks to reopen issues disposed of here and in the Court of Appeals in an attempt to justify his failure to plead German law.[5] He wishes to retry "the entire factual issue on the making of the contract." This calls for theories different from those advanced at the first trial. I am unable to see how this can be done and still adhere to the decisions of this court and the Court of Appeals.[6] An unsuccessful litigant is not entitled to a new trial of an issue already litigated and which could have been raised at the original trial. Moreover, the mandate of the Court of Appeals remanding the case to this court must be strictly complied with. Goldwyn Pictures Corp. v. Howells Sales Co., 2 Cir., 287 F. 100, certiorari denied 262 U.S. 755, 43 S.Ct. 703, 67 L.Ed. 1217. Had the mandate directed this court to allow defendant to introduce new issues, such would be in order. Marranzano v. Riggs Nat. Bank of Washington, 87 U.S. App.D.C. 195, 184 F.2d 349. No authority has been found which permits a defendant to introduce new issues at trial, after remand, where a Court of Appeals by its mandate has not specifically so permitted. Defendant argues disposition by the trial judge of motions for summary judgment places the case without the orthodox category. This theory has not been accepted. Fox v. Johnson & Wimsatt, Inc., 75 U.S.App.D. C. 211, 127 F.2d 729, 736–737; Northland Greyhound Lines v. Amalgamated Ass'n, D.C.Minn., 66 F.Supp. 431, appeal dismissed, 8 Cir., 157 F.2d 329; Keele v. Union Pac. R. Co., D.C.S.D.Cal., 78 F. Supp. 678, 679.

5. The circumstances surrounding the present controversy between the parties should be considered as to whether the Court of Appeals should either modify its mandate or that Court and this court grant defendant leave to amend his answer in order that he may, as he must, plead the facts of German law which prove plaintiff has no right to recovery.

The parties commenced negotiations in July 1941 for the return of the patents in suit. Plaintiff filed its claim with defendant on May 1, 1943. Plaintiff filed its complaint here on February 18, 1952. The negotiations, claims and complaints fully disclosed to defendant the facts and theory underlying plaintiff's theory of recovery. On June 13, 1952, defendant filed his answer. On November 3, 1952, plaintiff filed its motion for summary judgment. On January 26, 1953, defendant filed his cross-motion for summary judgment. Throughout arguments and briefs in this court and the Court of Appeals, in fact from the whole record, it is clear since July 1941 defendant has

---

5. This Court, F.A.R. Liquidating Corp. v. McGranery, D.C.Del., 110 F.Supp. 580, 585, held:

"The government argues even if a confirming cable was not necessary, the general tenor of the correspondence between the parties shows they intended no contract was to come into existence until the *receipt* of the acceptance by the offeror—Farnsworth. This is not the fact. Only mention of a provision for 'receipt' of anything is that contained in Fernseh's early cable of May 13. Under undisputed facts, Farnsworth never required receipt of acceptance as a condition for creation of a binding contract."

On appeal, the Court of Appeals in referring to Fernseh's cable of June 14, 1941, held:

"A fair reading of this cable shows that Fernseh understood that the last act necessary for consummating the transaction had been done." 209 F.2d 375 at page 379.

6. See, too, F.R. 8(e) (2), 11, 12(b) and 12(h). ..

been aware of all the facts regarding plaintiff's claim. It was not until the pretrial conference on November 18, 1954 that defendant predicated his assertion of non-liability on the applicability of German law. I have spoken on other occasions about the effect of delay in tendering amendments due to fault or excusable oversight.[7] While the Court of Appeals should speak for itself on the right of defendant to urge application of German law, I would deny any application by defendant to alter his prior contentions. Otherwise, there would be further delay in this litigation, postponing to the unforeseeable future its termination.[8]

7. In Canister Co., Inc., v. National Can Corp., D.C.Del., 6 F.R.D. 613, the facts were:

"In paragraph 6 of the original answer defendant denied the allegations of paragraph 6 of the complaint. These averred the transfer of The Canister Company assets to The Canister Company, Inc., including the assignment of the contract in suit. Defendant now seeks to amend its answer, admitting the transfer of assets; denying that it had knowledge of the transfer or the sale by defendant of metal ends to plaintiff who paid for these articles; and an averment of ignorance that Company has been dissolved. For further answer, defendant alleges that the transfer or sale of assets and the assignment of the contract in suit was void. Plaintiff challenges defendant's right to amend on two grounds: (1) The motion is not timely and (2) the proposed defense is legally insufficient." 6 F.R.D. at page 614.

This court concluded:

"Defendant's application to amend its answer is not timely. At the time suit was commenced, over two years ago, PX. A and B to the complaint disclosed the transfer of assets; at the trial of the separate issues defendant examined plaintiff at length on the circumstances surrounding the transfer. In short, defendant could have challenged the validity of the assignment of the contract in suit for failure of notice to defendant in its original answer or at the trial. Moreover, no reason is advanced why defendant did not do this. Under such circumstances leave to amend will be denied. Frank Adam Elec. Co. v. Westinghouse Elec. & Mfg. Co., 8 Cir., 146 F.2d 165; Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 120 F.2d 959; American Surety Co. v. First Nat. Bank, D.C., 57 F.Supp. 355. The admonition of Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to permit amendment freely does not mean amendment in every case regardless of a party's diligence. Friedman v. Transamerica Corporation, D.C. Del., 5 F.R.D. 115. Such diligence is lacking here and there is no showing of excusable oversight." 6 F.R.D. at page 614.

In Friedman v. Transamerica Corporation, D.C.Del., 5 F.R.D. 115, 116, this court, after stating that "nothing is contained in the proposed amendments to the complaint which was not known to plaintiffs or at least to plaintiffs' counsel four months ago because the new matter sought to be added was already contained in some of the complaints filed in the cases supra", concluded:

"Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' The word 'freely' was used with deliberate intention to obviate technical restrictions on amendment. Moore, Federal Practice, p. 806. But, this does not mean that leave to amend is to be granted without limit; otherwise, the right to amend would be absolute and not rest in the discretion of the court. The interests of both parties should be considered when an application to amend is made. Opportunity should be given to a plaintiff to present his alleged grievance; yet equal attention should be given to the proposition that there must be an end finally to a particular litigation." 5 F.R.D. at page 116.

Frank Adam Elec. Co. v. Westinghouse Elec. & Mfg. Co., 8 Cir., 146 F.2d 165, in which the Court of Appeals upheld a denial of defendant's request to file an amended answer, stated:

"Considering the failure of the defendant to show that its long delay in tendering its counterclaim and its second amendment was due to oversight, inadvertence, or excusable neglect, we cannot say that the court abused its discretion in refusing amendments." 146 F.2d at page 167.

8. The opening and closing paragraphs of an article, Beck, Estoppel Against Inconsistent Positions in Judicial Proceedings, 9 Brooklyn L.R. 245, 262 (1940):

"Lord Kenyon's definition of the maxim 'allegans contraria non est audiendus,' aptly and succinctly expresses this legal principle, the application of which is be-

## Conclusion

The present picture of the case must be brought into focus. Defendant contends the Court of Appeals remanded the action for trial on "the entire factual issue on the making of the contract". If this were intended, it would appear the Court of Appeals would have reversed the District Court with an announcement there were genuine issues of fact on the construction of the documents and with respect to each of the contentions advanced by defendant. The Court of Appeals did not do this. On the contrary, it adopted the District Court's opinion except as to that portion dealing with the issue as to the time when Fernseh's acceptance cable was sent from Germany. Plaintiff contends defendant's motion to try the separate issue of the applicability of German law should be denied, and this court determine in the negative the issue designated "1 B" in the pretrial order; and the case proceed to trial on the issue designated "1 A" in the pretrial order, as prayed for in plaintiff's motion. The opinion here is defendant's motion for separate trial should be denied. I am not ready to dispose of plaintiff's motion that defendant may not raise the question of German law, although my opinion is, as set forth in this memorandum, he should not be permitted so to do for the reasons stated. I shall, therefore, dispose of the matter by instructing defendant to apply to the Court of Appeals, if he so desires, seeking recall of the mandate so defendant may apply for a modification thereof by the Court of Appeals to permit defendant to amend his pleadings and to have opportunity to plead and prove German law in support of the contention such law denies plaintiff a contract right of recovery, if the Court of Appeals has a view different from those expressed in this memorandum.

Orders will not be entered at the present time on either motions of defendant and plaintiff.

---

coming increasingly recurrent, as legal formalism slowly, but surely, yields to the requirement of less rigidity, so as to accomplish substantial justice. It is that a man should not be permitted 'to blow hot and cold' with reference to the same transaction, or insist, at different times, on the truth of each of two conflicting allegations, according to the promptings of his private interest.

\*　　\*　　\*　　\*　　\*

"The foregoing cases demonstrate the effectiveness of this salutary doctrine as a restraining influence upon those who would conduct themselves in a court room as if it were a gaming room. Repeated application thereof may compel an appreciation on the part of litigants, that observance of a high degree of honesty in their dealings with their adversaries and with the courts, is a rule of conduct which self-interest requires."