INLAND STEEL PRODUCTS COM-
PANY, Plaintiff,

v.

MPH MANUFACTURING CORPORA-
TION, Inc., et al., Defendants
(two cases).

MPH MANUFACTURING CORPORA-
TION, Inc., et al., Plaintiffs,

v.

INLAND STEEL PRODUCTS COMPANY
et al., Defendants.

Nos. 54 C 1449, 54 C 1471, 55 C 835.

United States District Court
N. D. Illinois.

Dec. 29, 1959.

Charles J. Merriam, Merriam, Smith & Marshall, Herbert A. Friedlich, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill. (Fairchild, Foley & Sammond, Milwaukee, Wis., of counsel), for Inland Steel Products Co.

Harry H. Hitzeman, Chicago, Ill., for Leroy N. Hermann.

Joseph Keig, Chicago, Ill., for John F Blaski.

John O'C. FitzGerald, Lloyd C. Root, Marzall, Johnston, Cook & Root, Chicago, Ill. (Charne & Kops, Milwaukee, Wis., of counsel), for MPH Mfg. Corp. and others.

Arthur H. Seidel, Lines, Spooner & Quarles, Milwaukee, Wis., for Robert Anderson.

ROBSON, District Judge.

In each of these three consolidated causes, there have been filed by Inland Steel Company, the parent company

(hereinafter called Inland), Inland Steel Products Company (hereinafter called Products), and Joseph T. Ryerson & Son, Inc. (hereinafter called Ryerson), subsidiaries of Inland Steel Company, motions to strike (1) the amendment and supplement to the counterclaim in Numbers 54 C 1449 and 54 C 1471, and (2) the amendment and supplement to the complaint in No. 55 C 835. These new pleadings assert that Inland and Ryerson actively induced infringement by Products in violation of 35 U.S.C., § 271(b).

The motions are based on four grounds: (1) There is no proper description of the persons who are counter-plaintiffs (or plaintiffs in 55 C 835); (2) untimeliness of the motions to amend and failure to show the basis therefor; (3) failure of the new pleadings to state a cause of action against Inland or Ryerson, and (4) failure to state a cause of action for contributory infringement.

■ The first ground may be deemed cured by a second amendment to the counterclaim (and by subsequent amendment and supplement to the complaint in 55 C 835) wherein the counterplaintiffs and plaintiffs are specifically enumerated. The other grounds of the motions to strike have merit. The allegations of the new pleadings are nebulous and vague in asserting the relationship of the Inland and Ryerson companies with Products in respect to the former companies' participation in Products' alleged illegal acts.

■ While corporate shells have been penetrated in patent infringement suits where the facts warranted their being disregarded,[1] they are nevertheless to be respected where, as here, there is only the assertion of lack of knowledge by the pleader of the subsidiaries' solvency, thereby requiring the parent's presence in the suit, to stand possible substantial recovery.

■ The motions for leave to file the amendment and supplement to the counterclaims (and to the complaint in 55 C 835) were made nearly three and a half years after the filing of the original complaints, and after four thousand pages of depositions of some thirty-five persons. This tardiness might well in itself be the basis for the granting of the motions to strike.[2]

There is no explanation for the tardiness of these amendments and no reason justifying the injection of new parties at this late stage of the litigation after extensive discovery.

While Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that "leave [to amend] shall be freely given when justice so requires," Rule 13

---

1. Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148; Lektophone Corporation v. Philadelphia Storage Battery Co., D.C.Pa.1934, 8 F. Supp. 46; Cold Metal Process Co. v. American Sheet & Tin Plate Co., D.C. N.J.1938, 22 F.Supp. 75, reversed on other grounds Cold Metal Process Co. v. Carnegie-Illinois Steel Corporation, 3 Cir., 115 F.2d 33; Aeration Processes, Inc. v. Walter Kidde & Co., Inc., et al., D.C.N.Y.1948, 77 F.Supp. 647, reversed on other grounds, 2 Cir., 170 F.2d 437; Westinghouse Electric & Mfg. Co. v. Allis-Chalmers Co., 3 Cir., 176 F. 362; cf. Bergholt v. Hudson Motor Car Co., D.C.Minn.1954, 124 F.Supp. 716.

2. Shwab v. Doelz, 7 Cir., 1956, 229 F.2d 749. In Cold Metal Process Co. v. United Engineering & Foundry Co., 3 Cir., 1950, 190 F.2d 217, it was intimated 15 years might be too long a period to wait before seeking leave of court to file a counterclaim in a patent suit. In Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co., 8 Cir., 1945, 146 F.2d 165, there was held to be no abuse of discretion in the trial court's striking of order granting permission to file counterclaim and amendment where defendant failed to show its "long delay" (some 15 months) was due to oversight, inadvertence, or excusable neglect. In Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 1941, 120 F.2d 959 the allowance of an amendment to a counterclaim was held to be discretionary and a refusal to grant such leave was affirmed where it was made two years after the counterclaim was filed.

(f) provides that: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Moore states in his text on Federal Practice (2nd Ed., Vol. 3, page 90) in discussing Rule 13(f) that: "The motion should be made promptly and may be denied for laches or lack of good faith." There was no showing in the instant case of oversight, inadvertence or excusable neglect to account for the long interval of three and a half years before seeking an amendment to inject two new corporations into the proceedings.

The motions to strike the amendment and supplement to the counterclaim in Numbers 54 C 1449 and 54 C 1471, and to strike the amendment and supplement to the complaint in No. 55 C 835, are granted.