Order reversed, writ dismissed and prisoner remanded. Settle order on notice.

---

In the Matter of the Application of MAX LOWENTHAL, Respondent, Receiver in Equity for E. F. DREW & Co., INC., a Delaware Corporation, for an Order Directing that the Arbitration Proceed between E. F. DREW & Co., INC., through its Said Receiver, and W. F. GEORGE CHEMICALS, INC., a New York Corporation.

W. F. GEORGE CHEMICALS, INC., Appellant. (Proceedings Nos. 1, 2 and 3.)

First Department, December 16, 1921.

Arbitration — parties — arbitration clause in assignable contract may be enforced by receiver of one of parties — receiver is party to contract within meaning of Arbitration Law, § 2.

Where a contract is assignable, an arbitration clause therein is an integral part thereof, and may be availed of by either party or his legal representatives or assigns.

Accordingly, an arbitration clause in a contract for the sale of goods, which provides that "Disputes or claims of whatsoever nature relating to this contract, shall be settled by arbitration by the Arbitration Committee, N. Y. Produce Exchange," and is founded upon valuable considerations between the original parties, is enforcible by a receiver of the seller possessing power to institute suits at law or in equity to recover damages and demands existing in favor of the seller; such a receiver is a party to the contract, within the meaning of section 2 of the Arbitration Law.

APPEAL by the petitioner, W. F. George Chemicals, Inc., from three orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of May, 1921, resettling the three orders of the Supreme Court made at the New York Special Term and entered in the office of the clerk of said county on the 25th day of April, 1921, which direct that W. F. George Chemicals, Inc., proceed to arbitrate with Max Lowenthal, receiver of E. F. Drew & Co., Inc., matters arising under three separate contracts numbered B-5090, B-5091 and B-5102, which are similar in character and which present the questions so far as these appeals are concerned.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel], for the appellant.

*Root, Clark, Buckner & Howland* [*Radcliffe Swinnerton* of counsel], for the respondent.

GREENBAUM, J.:

The respondent was appointed receiver of E. F. Drew & Co., Inc., on the 30th day of October, 1920. Three contracts were entered into between E. F. Drew & Co., Inc. and W. F. George Chemicals, Inc., during July and August, 1920.

Two of the contracts in question involved the sale of caustic soda and the third of soda ash. Drew & Co., Inc., agreed to sell and deliver to the W. F. George Chemicals, Inc., at certain prices the goods specified in each contract. A portion of the goods agreed to be sold had been delivered and paid for, when the Drew Company passed into the hands of receivers. The George Chemicals, Inc., thereafter canceled the contracts and refused to accept any more goods. Each of the contracts

contains the following provisions: " 6. Disputes or claims of whatsoever nature relating to this contract, shall be settled by arbitration by the Arbitration Committee, N. Y. Produce Exchange, and it is expressly agreed by the parties hereto, that upon application in writing by either the buyer or the seller for the adjudication of a complaint or claim, that the party receiving the written request will attend and proceed with the arbitration, as provided for in this paragraph, and that both parties agree to be bound by the arbitrator's decision, and that judgment of the Supreme Court be rendered upon the award made pursuant to the submission."

The only point which appellant has argued before us is that it was not contemplated by the agreements that the receiver of either of the parties could avail himself of the arbitration clauses therein, and that the respondent is not a party to such contract within the meaning of section 2 of the Arbitration Law, and that the provisions for arbitration contained in the contracts under review were personal to the parties thereto.

Section 2 of the Arbitration Law* provides as follows:

" A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract, or a submission hereafter entered into of an existing controversy to arbitration pursuant to title eight of chapter seventeen of the Code of Civil Procedure, shall be valid, enforcible and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."

The several petitions of the receiver, Max Lowenthal, after setting forth the proceedings in the District Court of the United States for the Southern District of New York, appointing him and one Henry S. Farleigh as receivers on October 30, 1920, of the assets of E. F. Drew & Co., Inc., a corporation organized under the laws of the State of Delaware, with power to institute suits at law or in equity for the recovery of any estate, property, damages or demands existing in favor of said corporation, aver that on the 6th day of January, 1921, the petitioner was appointed sole receiver of the corporation with power and authority equally extensive to that conferred

---

* Since amd. by Laws of 1921, chap. 14.— [REP.

First Department, December, 1921.          [Vol. 199

by the order of October 30, 1920. They also recite the making of the separate contracts involved, and that " V. Upon information and belief, on or about the 24th day of October, 1920, said E. F. Drew & Co., Inc., duly demanded shipping instructions * * * under said contract, but said W. F. George Chemicals, Inc., failed to supply such instructions. VI. On or about the 17th day of November, 1920, your petitioner and Henry S. Farleigh, as Receivers in Equity for said E. F. Drew & Co., Inc., duly adopted said contract and duly notified said W. F. George Chemicals, Inc., to that effect, and duly demanded shipping instructions under said contract, but said W. F. George Chemicals, Inc., have refused and failed, and has ever since refused and failed to supply said instructions. VII. On information and belief, said E. F. Drew & Co., Inc., and your petitioner on its behalf, has duly performed all the terms and conditions of said contract to be performed by it."

The petitions, after referring to the 6th subdivision of the contracts heretofore quoted, aver that although a demand and request were made in writing of the said W. F. George Chemicals, Inc., to arbitrate disputes and claims arising under the contracts, the said corporation has failed and refused to proceed with arbitration thereunder.

The appellant cites opinions in cases in which certain classes of contracts were held to be non-assignable, such as where the exclusive right to a patent in a certain territory was construed as a license which was personal to the licensee, under which no rights would pass by operation of law to his administrators, or by assignment; or where it was held that rights arising out of contracts involving personal confidence or a strictly personal relationship, are not transferable to a third party *in invitum*. There is no question that such contracts as those to which respondent has called attention are not assignable, but the contracts before us are clearly assignable. They involve the sale and delivery of certain goods of a staple character upon certain terms. There is nothing personal in their character, and the receiver, having adopted the contracts, was prepared to deliver the goods to the appellant in accordance with the terms of the contracts.

In *Devlin* v. *Mayor* (63 N. Y. 8, 15) the court said: " An

assignment may include all contingent and incidental benefits or results of an executory contract, as well as the direct fruits or earnings under it, and thus entitle the assignee to the damages resulting from a violation of its terms. The right of action for a breach of the contract, resulting in pecuniary loss to the contractor, would survive to the personal representatives of the aggrieved party, and that is one test of the assignability of contracts and choses in action."

Indeed the appellant has inferentially acquiesced in the proposition that, if the contract is not a personal one, the receiver would acquire all the rights of E. F. Drew & Co., Inc., by quoting from the opinion in *Waterman* v. *Shipman* (55 Fed. Rep. 982, 986) in which the court, following *Oliver* v. *Rumford Chemical Works* (109 U. S. 75), stated: " No license is assignable by the licensee to another unless it contains words which show it was intended to be assignable [citing authorities]. The present license contained no such words and was purely a personal license to the complainant. *Consequently the receiver could not acquire it.*" (Italics ours.)

The right and duty of a receiver to adopt a contract if it be beneficial to the estate which he is administering, is expressly recognized in *United States Trust Co.* v. *Wabash Railway* (150 U. S. 287) and *Butterworth* v. *Degnon Con. Co.* (214 Fed. Rep. 772).

In Tardy's Smith on Receivers (2d ed.), page 146, the rule is stated as follows: " The receiver is not bound to adopt the contracts of the defendant, or in other words, step into his shoes in respect to his prior contracts, and he is entitled to a reasonable time to elect whether to adopt or repudiate such contracts, but this power on the part of the receiver to adopt or reject such contracts does not apply to the other party to the contract."

The appellant has submitted no authority in support of the proposition that the contracts under discussion are not available to the receiver. It is argued, however, that the element of personality is found in the arbitration clauses of the contracts. It is contended that such arbitration clauses are entered into in a desire amicably to settle differences and to avoid bad feeling which rejections ordinarily produce. While it may be true that the motives impelling the parties to enter

into arbitration, to some extent may be due to the reasons stated by the respondent, yet the fact remains that the parties provided a remedy with reference to disputes that might arise under the contracts, which could be readily and inexpensively settled without the necessity of the delay incident to litigation in the courts.

It seems to us that, where a contract is assignable, the arbitration clause is an integral part thereof, and may be availed of by either party to the contract or by his legal representatives or assigns.

The agreements to arbitrate contained in the contracts of sale were founded upon valuable considerations between the original parties thereto, arising from the reciprocal agreements of the parties to buy and sell the merchandise which was the subject-matter of the contracts, and hence are not revocable at the whim of either party. Such an arbitration agreement should not be confused with an arbitration entered into after a dispute or difference has arisen between the parties. In such a case it might perhaps be argued that it is purely a personal agreement to settle existing differences.

If the arbitration clause of an assignable contract of sale is not available except as to the parties to such a contract, it would then be a simple matter, if either party sought to escape the effect of such a clause, to assign the contract to a third party.

We are of opinion that the orders appealed from should be affirmed, with costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Orders affirmed, with ten dollars costs and disbursements.