**UNITED STATES ex rel. BRENSILBER et al. v. BAUSCH & LOMB OPTICAL CO. et al.**

**No. 62.**

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1942.

Samuel Gottlieb and Emanuel Thebner, both of New York City (I. Gainsburg, of New York City, of counsel), for plaintiffs-appellants.

Whitney North Seymour and Simpson, Thacher & Bartlett, all of New York City (Francis X. Fallon, Jr., Florence M. Kelley, and Peter Bentley IV, all of New York City, of counsel), for defendants-appellees Bausch & Lomb Optical Co., M. H. Eisenhart, Carl L. Bausch and Theodore B. Drescher.

Joshua D. Jones, of New York City, and Gifford, Woody, Carter & Hays, of New York City, for Carl Zeiss, Inc.

John T. Cahill, of New York City, amicus curiæ.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

PER CURIAM.

The statute, § 231, Title 31 U.S. C.A., applies only when the wrongdoer has "presented * * * any claim * * * knowing such claim to be false, fictitious, or fraudulent." Arguendo we shall assume with the plaintiffs that this language includes more than claims which are not justified under contracts between the claimants and the United States; that it is not limited to claims for goods that have not been delivered, or to claims for goods of a kind not specified, or to claims for services that have not been rendered, or to claims computed at prices other than those agreed upon. We assume, that is, that if the claimant has once procured a contract by fraud, any claims he may thereafter present are "fraudulent," whether or not they fall within its terms. That seems to have been the understanding of the Ninth Circuit in Dimmick v. United States, 116 F. 825, and of the Third Circuit in United States ex rel. Marcus v. Hess, 127 F.2d 233. Nevertheless, the statute certainly makes fraud of some sort the basis of the liability, and uses the word in its accepted sense of deceit, as appears from the juxtaposition of the three adjectives, "false," "fictitious" and "fraudulent." Therefore, although by hypothesis it would be enough that a claimant secured his contract by deceit, deceit is a sine qua non; it will not serve that he secured it by any other kind of wrong. The distinction is well illustrated in United States v. Hess, supra. The bidders had there all agreed that the defendant, one of their number, should get the contract; he was to put in a bid in an amount agreed to by all, which the others were to top so that their bids would inevitably be rejected. To put in such bids was a deceit, for the bidders intended that the bids should not be accepted, although by the act of bidding they represented that they hoped to succeed. The defendant, being a party to this deceit, which was the means by which he procured his contract, was himself guilty of fraud. In the case at bar the contracts between Bausch & Lomb and Carl Zeiss of Jena (strictly only the second one is relevant) unlawfully gave Bausch & Lomb an advantage without which, we will assume—though that is not certain—they would not have secured their contracts with the United States. That was a wrong, but it

was not a "fraud" unless Bausch & Lomb represented at some stage of the negotiations that they had not secured an unlawful monopoly of the market. Plainly a bidder who bids for a contract makes no representation, express or implied, as to the reasons which have led him or enabled him to put in his bid. He does indeed represent that he can perform, but he does not represent that there is an open market, or that his bid is "normal" or "reasonable," or "competitive." If he has been guilty of unlawful conduct in eliminating competitors, he can be called to account as Bausch & Lomb have been, but not because by bidding he has said anything about competition.

This would be the necessary result were the statute of the usual kind and entitled to a broad interpretation; but it is not, for it is not only penal, but drastically penal. United States v. Bittinger, 24 Fed. Cas.No.14,599, p. 1150; United States v. Kansas Pacific Ry. Co., 26 Fed.Cas.No. 15,506, p. 680; United States v. Russell, D.C., 19 F. 591. For this reason it has been strictly construed. United States v. Shapleigh, 8 Cir., 54 F. 126; Olson v. Mellon, D. C., 4 F.Supp. 947, affirmed United States ex rel. Knight v. Mellon, 3 Cir., 71 F.2d 1021; United States ex rel. Ostrager v. New Orleans Chapter, 5 Cir., 127 F.2d 649, 651; United States ex rel. Marcus v. Hess, supra, 127 F.2d at page 235. Furthermore, so far as it perpetuates the odious and happily nearly obsolete qui tam action, it should be regarded with particular jealousy.

In the view we take, it is not necessary to decide whether the plaintiffs had the unconditional right under Rule 15(a), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, to serve the amended complaint. The judge did indeed deny leave to amend on the ground that the second complaint did not state a cause of action, as to which he was perhaps wrong, taking the pleading as it reads. But in result it made no difference, for the amended complaint like the original was subject to summary dismissal, and it was mere matter of form whether it was accepted and then dismissed, or refused at the outset. The motion for summary judgment dismissing both was right because it appears beyond question that the supposed liability arose from the offense for which Bausch & Lomb were indicted and to which they pleaded nolo contendere, and that this in turn rested upon the contracts. No testimony was necessary or indeed relevant to the issues so arising. To subject the defendants to a long harassment by examination and trial upon a certainly empty charge could serve no purpose except possibly to force them to buy their peace, an extortion against which 31 U.S.C.A. § 232 would not protect them. The action is of precisely the sort which a motion for summary judgment was intended to nip in the bud.

Judgment affirmed.