CANISTER CO., Inc., v. NATIONAL CAN CORPORATION.

Civil Action No. 365.

District Court, D. Delaware.

July 12, 1946.

614

Stuart N. Updike, J. Howard Carter, and John R. Schoemer, Jr. (of Townley, Updike & Carter), all of New York City, N. Y., and Hering, Morris, James & Hitchens, of Wilmington, Del., for plaintiff.

William S. Potter and Daniel F. Wolcott (of Southerland, Berl & Potter), both of Wilmington, Del., for defendant.

LEAHY, District Judge.

1. Defendant's application to amend its answer is not timely. At the time suit was commenced, over two years ago, PX. A and B to the complaint disclosed the transfer of assets; at the trial of the separate issues defendant examined plaintiff at length on the circumstances surrounding the transfer. In short, defendant could have challenged the validity of the assignment of the contract in suit for failure of notice to defendant in its original answer or at the trial. Moreover, no reason is advanced why defendant did not do this. Under such circumstances leave to amend will be denied. Frank Adam Elec. Co. v. Westinghouse Elec. & Mfg. Co., 8 Cir., 146 F.2d 165; Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 120 F. 2d 959; American Surety Co. v. First Nat.

Bank, D.C., 57 F.Supp. 355. The admonition of Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to permit amendment freely does not mean amendment in every case regardless of a party's diligence. Friedman v. Transamerica Corporation, D.C. Del., 5 F.R.D. 115. Such diligence is lacking here and there is no showing of excusable oversight.

2. The proposed defense that the assignment of the contract in suit is void is legally insufficient on the record already before the court. True, under Rule 15(a), as stated above, amendments are granted with great liberality. Nevertheless, a court will never grant an amendment which seeks to add a defense which is obviously insufficient for the purpose for which it is offered. Stephens v. Reed, 3 Cir., 121 F.2d 696, 699; see United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 2 Cir., 131 F.2d 545, 547. The question is whether the contract in suit was assignable. This is determined by the law governing the contract, i.e., New York law. 2 Beale, Conflict of Laws, 1935, Sec. 348.2; Restatement of Conflict of Laws, Sec. 348. Since this contract was not purely personal, it was fully assignable under New York law. Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N.Y. 209, 31 N.E. 1018; Devlin v. Mayor, 63 N.Y. 8; Matter of Lowenthal, 199 App.Div. 39, 191 N. Y.S. 282, affirmed 233 N.Y. 621, 135 N.E. 944; Restatement of Contracts, Secs. 151–161, and New York Annotations, N.Y. Personal Property Law, Consol.Laws, c. 41, Sec. 41. The obligor under such a contract can not escape liabilities thereunder so long as the assignment does not change the burden of performance under the contract. Here, defendant's burden under the contract was precisely the same after the assignment as it was before. The defense, even if originally pleaded, is obviously insufficient in law. So, it would be pointless to allow it by way of amendment.

No comment will be made on knowledge or notice to defendant for two simple reasons: First, if the contract was fully assignable notice was not necessary; second, as stated above, it appears defendant had notice and articulated no objection.