**SCHWAB et al. v. NATHAN et al.**

**No. 34–I.**

District Court, S. D. New York.

June 11, 1948.

Gerald I. McCarthy, of New York City, and Charles Edwin Wallington, of Philadelphia, Pa., for plaintiffs.

Nathan, Mannheimer, Asche & Winer, of New York City (Norman Winer, of New York City, of counsel), for defendants.

HULBERT, District Judge.

Plaintiffs commenced this action on November 27, 1945 and issue was joined January 7, 1946. The case is now on the Civil Jury Trial Calendar of this court.

The current motion is for leave to serve an amended complaint. Disposition there-

of was held in abeyance until the filing and service of a proposed amended complaint (see my opinion May 13, 1948, 8 F.R.D. 227) which was filed on May 27, 1948.

It consists of 62 pages, many of which are single spaced, and 11 exhibits.

The first count in the amended complaint is substantially the same as the claim set forth in the original complaint, whereby a recovery of $10,700 was sought against the defendants. The first count alleges that the law firm and the accountants worked together in representing the plaintiffs in an action brought by them against Clarence Schwab, Dorothy Schwab, Mildred Utanoff and Schwab Brothers Corporation (organized under the laws of the State of Delaware but having an office in the City of New York for the purpose of conducting important business in the buying, selling and trading in shellac, shellac resin, and articles of interstate and foreign commodities of natures similar thereto).

There is no specific allegation in that count that the defendant law firm was retained or that the accounting firm was engaged by the plaintiffs to act in their behalf.

The first count further alleges that the defendants wrongfully, fraudulently and unlawfully withheld from the plaintiffs and retain unto themselves the said sum of $10,700.

The second count of the amended complaint alleges that the defendant law firm, on reference to them by certain Philadelphia attorneys, at their special instance and request, entered upon the relation of attorney and client in respect to the plaintiffs concerning the subject matter of the first count.

The proposed amended complaint then alleges that when said defendant law firm entered upon such relationship, they well knew, or in the exercise of ordinary reasonable professional care, skill, legal learning and practice of the law, should have known, or at the outset should have ascertained that the certain differences between the plaintiffs on the one hand and the Schwab Brothers Corporation and the other persons above named in connection therewith, were of such a nature and concern as should be beyond the jurisdiction and the power of the courts of the State of New York on the one hand, and peculiarly such as should be for the subject of an action in a court of general jurisdiction of the court of domicile of said corporation on the other hand, and it then proceeds to set out in more or less detail such differences and the steps and action which the plaintiffs are advised by their counsel should have been taken, and by reason of the defendants' failure so to do, the plaintiffs seek recovery of the additional sum of $259,226.32. Incorporated in the proposed amended complaint are quoted extracts, allegedly pertinent and applicable to the litigation of such differences, from the laws of the State of Delaware, and comprise some sixteen closely typewritten pages.

The defendants resist the motion upon the grounds inter alia:

1. The motion is not timely. It appears that counsel for the plaintiffs, Robert P. Schick, Esq., of the Philadelphia Bar, and William F. Kelly, Esq., of the Bar of this court, as the attorney of record, both died since the commencement of the action, and the court feels within the spirit of rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that that point is not well taken.

2. That the proposed amended complaint sounds in malpractice and is barred by the two year statute of limitations, § 50 of the New York Civil Practice Act.

It seems to the court that the issue now presented by the plaintiffs is either for breach of contract of the retainer or for damages for injuries to plaintiffs' property rights by reason of defendants' alleged negligence, and § 48 of the New York Civil Practice Act provides a period of limitation of six years. However, the defense of the statute of limitation will be still left open.

Rule 15(a) provides, in part, as follows: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * * Otherwise, the party may amend his pleading only by leave of the court or by written

230

consent of the adverse party; and leave shall be freely given when justice so requires."

3. The defendants cite United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 2 Cir., 131 F.2d 545, to support their contention that unless the court is satisfied that the amended complaint states a cause of action, the motion should be denied. But there is a distinction between a claim for which relief can be had and a cause of action. We think the latter is the sole concern of the Trial Judge. In the Bausch & Lomb case, supra, it was said, 2 Cir., 131 F.2d at page 547: "The judge did indeed deny leave to amend on the ground that the second complaint did not state a cause of action, *as to which he was perhaps wrong*, taking the pleading as it reads. But in result it made no difference, for the amended complaint like the original was subject to summary dismissal, and it was mere matter of form whether it was accepted and then dismissed, or refused at the outset." (Italics mine)

Canister v. National Can Corp., D.C. 6 F.R.D. 613, 614, also relied upon by counsel for the defendants, was a case in which the court refused to allow an amendment which sought to *add a defense,* "obviously insufficient for the purpose for which it is offered".

■ If the proposed amended complaint states a claim for which the pleader is entitled to relief, it is prima facie sufficient.

■ In this case, however, there is a gross disregard of rule 8(e), which reads as follows: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

Certainly, the 16 closely typewritten pages alleging the laws of the State of Delaware may be eliminated. Richter v. Empire Trust Co., D.C., 20 F.Supp. 289 (and cases there cited); Bower v. Casanave, D.C., 44 F.Supp. 501, at 504. This must be so, especially since Tompkins v. Erie R. R. Co., 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, requires the Trial Judge to apply the substantive law of the forum where the cause of action arose.

Plaintiff's motion to serve an amended complaint as proposed on this motion is denied, with leave to serve a further amended complaint in substantial compliance with the provisions of rule 8, F.R. C.P. within twenty days.

Settle order on notice.