UNITED STATES of America,
Plaintiff,

v.

NATIONAL WHOLESALERS, a corporation, M–D Parts Manufacturing Company, National Parts Company, and Henry Mezori, Defendants.

Civ. A. No. 15687.

United States District Court
S. D. California, Central Division.

Dec. 1, 1954.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Andrew J. Weisz, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff.

William H. Neblett, Los Angeles, Cal., for defendants.

MATHES, District Judge.

It appearing to the Court:

(1) that by this action the United States seeks recovery from defendants of penalties for alleged false claims against the Government under 31 U.S.C.A., §§ 231, 232, 233;

(2) that on April 1, 1950, by WD Form 106 with Schedule "A" and conditions attached, defendants contracted with the Government to supply 6,600 voltage regulators described in the contract as:

"Regulator, generator, Assy. Mfr's Part Nos. DR–1118502, GM–1118502, IHC–50301–RI, or equal. ORD–7069022, ORD–7069023. Ordnance Stock No. 2580–1118502. Vehicle Application SNL G541, G671, G506, G501, G508.

(A–89%, AF–11%) *Bidding DR–1118502*".

(3) that Government Forms 1034 and 405–60–C, being vouchers for purchases and shipping documents, bear certifica-

tion that the contract requirements have been complied with and, as signed by defendants' representative, are alleged to be false and fraudulent because (a) defendants did not supply genuine Delco-Remy voltage regulators manufactured by the Delco-Remy division of General Motors Corporation and (b) because the voltage regulators which were supplied by defendants were allegedly inferior to those of Delco-Remy manufacture;

(4) that ambiguities in the documents in question at bar—all having been prepared by the plaintiff—may be construed against the Government where consonant with the public interest [see 3 Williston on Contracts 1788, § 621; see also, id. §§ 619, 620, 626 (Rev. ed. 1936)];

(5) that the False Claims statutes, being "drastically penal," must be "strictly construed", United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 2 Cir., 1942, 131 F.2d 545, 547, affirmed 1943, 320 U.S. 711, 64 S.Ct. 187, 88 L.Ed. 417;

(6) that without regard to these rules of construction, the item contracted for is described in the contract as a "Regulator, generator, Ass[embl]y";

(7) that added to this general description are eleven different numbers in three groups—namely, the numbers by which the regulator was designated when manufactured by the different companies, its two ordnance numbers, and its five vehicle application numbers—all of which serve, instead of a lengthy recital of specifications, as brief short-hand alternative descriptions of the actual physical regulator contracted for;

(8) that a reading of this description as a whole reveals that the numbers employed by the designated manufacturers were used to indicate the type or model, design and composition of the regulator contracted for;

(9) that, on a comparison and break-down test of the regulator supplied by defendants and a regulator manufactured by Delco-Remy known to meet the contractual standard, the Army Ordnance Corps found and determined as a fact, United States v. Moorman, 1950, 338 U.S. 457, 459, 463, 70 S.Ct. 288, 94 L.Ed. 256, that the two regulators "have similar characteristics and are interchangeable" and that there is "no difference in construction, materials used, or methods of adjustment"—an admission that in point of quality at least the defendants supplied the regulator contracted for, see United States v. Wunderlich, 1951, 342 U.S. 98, 99, 72 S.Ct. 154, 96 L.Ed. 113; Kihlberg v. United States, 1878, 97 U.S. 398, 24 L.Ed. 1106; United States v. U. S. Cartridge Co., D.C.E.D. Mo.1950, 95 F.Supp. 384, 395, affirmed, 8 Cir., 1952, 198 F.2d 456, certiorari denied, 1953, 345 U.S. 910, 73 S.Ct. 645, 97 L.Ed. 1345;

(10) that the "Item Description" set forth in the contract specifying in part "Mfr's Part Nos. * * *, or equal" requires that the contract be construed as calling for an "or equal" regulator, and the Army Ordnance Corps found defendants' regulator to be an "or equal";

(11) that "the chief purpose of the statutes here was to provide for restitution to the government of money taken from it by fraud", United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 551–552, 63 S.Ct. 379, 388, 87 L.Ed. 443;

(12) that, though plaintiff knew before defendants delivered the last third of the regulators that Delco-Remy had not manufactured them, it accepted and paid for them and neither rejected upon delivery nor thereafter returned any of them as inferior or as not complying with the contract; and

(13) that defendants' use of a replica of the Delco-Remy name plate on their regulators, unjustifiable as it is, does not change the fact that the regulators as furnished complied with the contract as it must be here construed in the light of the ambiguities of form and content it bears.

It is now ordered that defendants lodge with the Clerk within ten days

proposed findings of fact, conclusions of law, and judgment of dismissal of plaintiff's complaint to be settled pursuant to local rule 7.