**UNITED STATES of America,**
**Plaintiff,**

v.

**Irving LEVINE and Murray Gluck doing business as Cargo Equipment Co.,**
**Defendants.**
**Civ. No. 14362.**

United States District Court
E. D. New York.
April 7, 1955.

Leonard P. Moore, U. S. Atty., New York City, and Harry C. Fisher, Asst. U. S. Atty., for the government.

Joseph Schwartzman, New York City, for defendants.

BRUCHHAUSEN, District Judge.

Motion by defendants for an order granting leave to serve and file an amended answer. The plaintiff's position is that the defenses in the proposed answer are insufficient in law.

The Court on such a motion is empowered to deny the motion under such circumstances. United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 2 Cir., 131 F.2d 545, 547; Canister Co. v. National Can Corp., D.C., 6 F.R.D. 613.

In substance, the plaintiff, under its complaint, seeks the recovery of excessive profits arising out of a Government contract, pursuant to the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191.

In the first and second affirmative defenses of the said answer, the defendants allege that the renegotiation proceedings were not commenced or consummated within the period of time, prescribed by the Act.

As a third affirmative defense, the defendants claim that the six-year Statute of Limitations, pertaining to actions on contracts, the New York Law, constitutes, a bar to the institution of this action.

As a fourth affirmative and partial defense, the defendants allege that the amount claimed for interest at 6% should be disallowed.

■ The first and second affirmative defenses are insufficient in law in that it does not appear that the defendants have exhausted the administrative remedy provided by the Act. United States v. Edward Valves, Inc., 7 Cir., 207 F.2d 329, certiorari denied, 347 U.S. 934, 74 S.Ct. 629, 98 L.Ed. 1085. See also Macauley v. Waterman Steamship Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839 and Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796.

■ The State Statute of Limitations, mentioned in the third affirmative defense, is not applicable to a suit by the Government. Board of County Commissioners, etc. v. United States, 308 U.S. 343, 351, 60 S.Ct. 285, 84 L.Ed. 313.

The fourth affirmative defense is cumulative in that it raises an issue, previously presented by the defendants' denial of paragraph eleventh of the complaint.

The motion is denied.