UNITED STATES of America,
Plaintiff,

v.

Irving LEVINE and Murray Gluck, d/b/a Cargo Equipment Co., Defendants.

Irving LEVINE and Murray Gluck,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. Nos. 14362, 18331.

United States District Court
E. D. New York.
May 12, 1960.

---

Cornelius W. Wickersham, Jr., Brooklyn, N. Y., U. S. Atty., Myron Beldock, Asst. U. S. Atty., Brooklyn, N. Y., George Cochran Doub, Asst. Atty. Gen., for the United States.

Donald B. MacGuineas, Arthur H. Fribourg, Richard T. Mulcahey, Attorneys, Department of Justice, Washington, D. C., of counsel, Joseph Schwartzman, New York City, for defendants.

BRUCHHAUSEN, Chief Judge.

This action of the United States was commenced to collect excessive profits earned by the defendants for the fiscal year ended August 31, 1944, arising out of a Government contract, pursuant to the Renegotiation Act, 50 U.S.C.A.Appendix § 1191. The defendants alleged, in substance, a general denial, affirmative defenses, and a counterclaim for $34,292.27.

The defendants urge that the renegotiation proceedings were not timely commenced nor terminated as prescribed by the Act. It is settled law that the issue of timeliness of renegotiation pro-

ceedings is within the exclusive jurisdiction of the Tax Court and nonreviewable. Ebco Manufacturing Co. v. Secretary of Commerce, 6 Cir., 221 F.2d 902; United States v. Martin Wunderlich Co., 94 U.S. App.D.C. 8, 211 F.2d 433. This Court in a memorandum dated April 7, 1955, 185 F.Supp. 889, 890, denied a motion by the defendants for leave to serve an amended answer, alleging these affirmative defenses of untimeliness. It held in part:

"The first and second affirmative defenses are insufficient in law in that it does not appear that the defendants have exhausted the administrative remedy provided by the Act. United States v. Edward Valves, Inc., 7 Cir., 207 F.2d 329, certiorari denied, 347 U.S. 934, 74 S.Ct. 629, 98 L.Ed. 1085. See also Macauley v. Waterman Steamship Corp., 327 U. S. 540, 66 S.Ct. 712, 90 L.Ed. 839 and Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S. Ct. 1493, 91 L.Ed. 1796."

 It is well settled that the Government is entitled to interest on sums due it although the statute creating the obligation makes no specific provision for the rate of interest to be charged. The determination of interest is within the court's discretion. In the present case the War Contracts Price Adjustment Board by letter dated March 25, 1947, demanded of the defendants the excess profits together with six percent interest from April 9, 1947. Unless unusual circumstances exist, the court should not depart from the rate set by an administrative body. United States v. Wissahickon Tool Works, Inc., 2 Cir., 200 F.2d 936.

 It is conceded that Murray Gluck was overassessed $13,206.05 and Irving Levine was overassessed $12,459.54 for the year 1944. The defendants made demand for these overassessments. Upon receipt of said demand the Commissioner of Internal Revenue by audit of the defendants' tax returns, determined that there were deficiencies due to the Government. The overassessments were credited against these tax deficiencies and the remaining balance credited against the renegotiation indebtedness. Defendant Gluck was notified on November 8, 1951, and Levine notified on May 1, 1952, that their claims for refund were disallowed. The defendants first raised the issue pertaining to these overassessments in their amended answer filed November 11, 1955. Their independent tax refund suit was not filed until December 24, 1957. The defendants allege that their claims are valid and not time barred because they are proceeding on the theory of an account stated which has a six-year statute of limitation. The plaintiff alleges that the defendants are time barred by virtue of 26 U.S.C.A. § 6532(a) (1). In substance said statute requires suit to be commenced within two years for recovery of any internal revenue tax, penalty, or other sum. Upon the authority of First National Bank of Beaver Falls v. United States, D.C., 8 F.Supp. 484, certiorari denied 294 U.S. 717, 55 S. Ct. 544, 79 L.Ed. 1250, the defendants' contention is untenable and the two-year statute is applicable. In the case at bar the defendants' time to contest the application of overassessments against tax deficiencies, or to contest the disallowance of their claims for refund to recover interest in addition to that determined by the Commissioner, or to contest the Commissioner's computation of interest on the concurrent deficiencies was two years from November 8, 1951, for Murray Gluck and two years from May 1, 1952, for Irving Levine. The defendants in failing to commence their action within the two-year limitation period are presently barred from raising these issues.

The last reduction against principal and interest was made March 21, 1952.

The plaintiff is entitled to recover the sum of $14,824.41 plus interest at 6% from March 21, 1952, together with costs. Defendants' counterclaim is dismissed and defendants' complaint in Civil Action No. 18331 is dismissed, both with prejudice.

Settle decree on five days' notice, returnable on or before May 31, 1960.