**UNITED STATES of America**

v.

**Sidney B. GABLE.**

**Civ. No. 9078.**

United States District Court
D. Connecticut.

April 15, 1963.

Robert C. Zampano, U. S. Atty., New Haven, Conn., Irving H. Perlmutter, Asst. U. S. Atty., New Haven, Conn., for plaintiff.

W. Paul Flynn, of Kopkind & Flynn, New Haven, Conn., for defendant.

TIMBERS, District Judge.

Defendant's motion to dismiss, pursuant to Rule 12(b) (2), Fed.R.Civ.P., and plaintiff's motion to substitute a party defendant, pursuant to Rule 25(a) (1), Fed.R.Civ.P., raise the question whether a cause of action under the forfeiture and damage provisions of the False Claims Act[1] is penal in nature, hence not surviving death of defendant, or is civil in nature, hence surviving such death.

This Court holds such cause of action is civil in nature and does survive death of defendant. Accordingly, defendant's motion to dismiss is denied; plaintiff's motion to substitute defendant's administratrix as party defendant is granted.

---

1. 31 U.S.C. § 231:

"Any person not in the military or naval forces of the United States, * * * who shall make or cause to be made, or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the Government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, * * * shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit."

Plaintiff commenced this action December 8, 1961 to recover expenses incurred by the Veterans Administration for hospital treatment or domiciliary care of defendant who claimed he was not able financially to pay such expenses. Plaintiff alleges such claim was false in that defendant was able to pay such expenses.

Defendant died April 2, 1962. The pleadings were not closed. Interrogatories had been propounded by defendant but not answered by plaintiff.

Rosylin P. Gable was appointed administratrix of defendant's estate April 26, 1962 by the Probate Court for the District of Stamford; she has qualified and is acting in that capacity.

This case is controlled, in the opinion of this Court, by United States ex rel. Marcus v. Hess, 317 U.S. 537, 550–552, 63 S.Ct. 379, 87 L.Ed. 443 (1943), where the Supreme Court held the forfeiture and damage provisions of the False Claims Act constituted a civil sanction and were remedial only.[2]

The Court of Appeals for the Second Circuit, on the other hand, in United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 131 F.2d 545, 547 (2 Cir. 1942), aff'd by an equally divided Court, 320 U.S. 711, 64 S.Ct. 187, 88 L. Ed. 417 (1943), has held this statute "* * * not only penal but drastically penal."[3]

The Brensilber case was decided by the Second Circuit November 5, 1942.[4] The Marcus case was decided by the Supreme Court January 18, 1943.[5] The Brensilber case was affirmed by an equally divided Supreme Court November 8, 1943 in a per curiam decision.[6] Despite the Supreme Court's affirmance of the Second Circuit's decision in Brensilber *subsequent* to the Supreme Court's decision in Marcus, the latter remains as the controlling law. The Supreme Court's affirmance of Brensilber by a divided court, while conclusive upon the parties thereto, cannot be invoked as stare decisis; and certainly cannot be construed as overruling Marcus, absent an express holding to that effect.[7]

If free to choose between the Marcus and Brensilber decisions, this Court would follow the Second Circuit decision in Brensilber, believing its construction of the forfeiture provisions of the False Claims Act as penal in nature to be correct. If free to indulge in crystal ball reading,[8] this Court is not so sure that the presently constituted Supreme Court would reach the same result as was reached in Marcus two decades ago.

Being free neither to exercise such choice nor to indulge in such specu-

2. Other cases which have held these forfeiture provisions civil in nature include United States v. Grannis, 172 F.2d 507 (4 Cir. 1949), cert. denied, 337 U.S. 918, 69 S.Ct. 1160, 93 L.Ed. 1727 (1949); United States v. Posner, 269 F.2d 742 (3 Cir. 1959), cert. denied, 361 U.S. 931, 80 S.Ct. 369, 4 L.Ed.2d 353 (1960); United States v. Templeton, 199 F.Supp. 179 (E.D.Tenn.1961). Cf. Rex Trailer Co. v. United States, 350 U.S. 148, 76 S. Ct. 219, 100 L.Ed. 149 (1956) (involving Surplus Property Act whose forfeiture provisions are identical to those of False Claims Act).

3. The Eighth Circuit likewise has held these forfeiture provisions penal in nature. Hyslop v. United States, 261 F.2d 786 (8 Cir. 1959).

4. United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 131 F.2d 545 (2 Cir. 1942).

5. United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943).

6. United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 320 U.S. 711, 64 S.Ct. 187, 88 L.Ed. 417 (1943).

7. United States v. Pink, 315 U.S. 203, 216, 62 S.Ct. 552, 86 L.Ed. 796 (1942); United States v. Templeton, supra note 2, at 182; 1A Moore's Federal Practice, ¶ 0.402 [2], p. 4071 (2d ed. 1961).

8. For which there is respectable precedent. Compare Snyder v. J. G. White Engineering Corp., 60 F.Supp. 789, 791 (S.D.N.Y.1945) with International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); see Butts v. Southern Pacific Company, 69 F. Supp. 895, 896 (S.D.N.Y.1947).

lation, this Court, reluctantly, follows what it believes to be the controlling authority of the Supreme Court decision in Marcus.[9]

Since this case presents a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from this Court's order may materially advance the ultimate termination of this litigation, a certificate pursuant to 28 U.S.C. § 1292 (b) has been issued.

9. United States ex rel. Marcus v. Hess, supra note 5.