### FEDERAL TRADE COMMISSION v. BIDDLE PURCHASING CO.

#### No. 15624.

Circuit Court of Appeals, Second Circuit.

Jan. 18, 1941.

W. T. Kelley, Chief Counsel, Joseph J. Smith, Jr., and John Darsey, all of Washington, D. C., Sp. Attys., for petitioner.

Gilbert H. Montague, of New York City, for respondent.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

This court heretofore affirmed an order of the commission directing the respondent to cease and desist from certain conduct found to be violative of section 2(c) of the Robinson-Patman Act, 15 U.S.C.A. § 13 (c). Biddle Purchasing Company v. Federal Trade Commission, 2 Cir., 96 F.2d 687. The present petition alleges that since May 9, 1938, the date of this court's said order, the respondent has violated said order; it seeks to have the respondent adjudged in contempt. The petition does not particularize any transaction which is charged to be in violation of the order; nor does it state when, where or under what circumstances it occurred. The respondent has moved for a "bill of particulars setting forth by names, addresses, dates, products, figures, prices and other identifying details" which are the particular specific transactions relied upon by the commission as supporting "the general and argumentative statements" in the subparagraphs of paragraph 6 of the petition.

We think the motion should be granted to the extent of requiring the commission to particularize at least one typical transaction under each subparagraph of said paragraph 6, and more if that is necessary, sufficiently to inform the respondent and the court of the time, place and nature of all the acts which are claimed to violate the order of this court. This will be no hardship to the petitioner for it has had access to the books

and records of the respondent and presumably knows which of the thousands of transactions are relied upon as violative of the order. It is required in fairness to the respondent, for without a bill of particulars the respondent has no adequate warning of the issues it must meet. The generality of the charges in the petition is such that it is impossible to know when and in what manner the respondent's violation of the order is supposed to have occurred.

CLARK, Circuit Judge (concurring).

With some hesitation I concur; if there is a chance of simplifying issues in this way, I do not wish to stand in the way thereof, since this order will not limit the Commission in the evidence eventually to be produced on a reference. But I think it is clear as to trial courts that where a claim for relief is presented, motions for particulars almost always serve to delay adjudication, with rarely any benefit in clarity or in limiting proof (cf. 25 A.B.A.J. 22, 23; Proceedings of New York Symposium on Federal Rules, 1938, 242–247; 3 Fed. Rules Serv. 681; and the numerous decisions under Federal Rule 12 (e), 28 U.S.C.A. following section 723c), and I expect the experience in appellate courts will not be different. Here, until the facts are found, we cannot make intelligent or final adjudication. Preliminary controversies on the paper pleadings, of which this is already the second, are, I fear, likely to exhaust the efforts of all without bringing decision appreciably nearer.