secrecy. He must either give up his privilege to withhold pertinent evidence or he must abandon his suit for relief.

Many of the cases cited by the plaintiff in support of his objections are distinguishable from this case in that they seek files, records, and documents of governmental agencies. The case most nearly in point is Andrews v. Trelles, U.S.Dist.Ct., Eastern Div. of Louisiana, Civil Action File No. 97, April 6, 1939.[1] There the subpoena duces tecum called for the investigation file. The quashing of the subpoena was a proper order. In this case however the interrogatory does not ask for the government's file or records, but only for information within the knowledge of the plaintiff.

Plaintiff also cites cases which say that public records of investigations are analogous to the records of grand jury proceedings. But even an indictment returned by the grand jury must disclose sufficient facts or it will be quashed. If this action were a prosecution for a violation of the law, the charge would have to be specific as to the violation. The defendant would certainly be entitled to the names of the employees whom he is charged with underpaying.

Plaintiff maintains that the giving of such information would interfere with a sound policy of law enforcement because employees would be intimidated and would decline to furnish information to the Administrator through fear of retaliation by the employer. This argument is based upon the assumption that employers will violate the law. This court cannot act upon that assumption. The presumption is that the law will be obeyed and that, if it is not, the violator will be prosecuted. The law upon which plaintiff founds his action expressly forbids discrimination by an employer "against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding", etc. Sec. 215(3), Title 29 U.S.C., 29 U.S.C.A. § 215(3).

The Administrator may well keep secret all communications until he takes action in court based upon such information; but then he must disclose such information if it is required by the rules of criminal or civil procedure as a foundation for such action.

Objection overruled.

---

[1] No opinion, case dismissed by consent.

Jos. S. Clark, Jr., and Dechert, Smith & Clark, all of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

The plaintiff, a Pennsylvania corporation having its principal place of business at Ambler, Pennsylvania, within this District, brought suit against the defendant, the Collector of Internal Revenue, for recovery of $7,058.21.

The complaint sets forth that the action arises under the Internal Revenue laws of the United States; that the complainant paid to the Province of Quebec, Canada, under the provisions of the Quebec Mining Act, taxes in the amount of $10,072.26 for the complainant's fiscal and taxable year ending March 31, 1937; that in the income tax return which the complainant filed with the defendant for the same year, the taxes paid to the Province of Quebec were claimed as a credit for foreign income taxes against income taxes due the United States of America; that on March 25, 1940 complainant was notified that the credit sought was disallowed and a deficiency assessment was made; that subsequently on May 9, 1940, the complainant paid to the defendant the amount of the deficiency assessment and interest in the sum of $7,058.21; that shortly thereafter the complainant filed a claim for refund with the defendant; that the claim for refund was disallowed July 30, 1940, resulting in the present suit.

The defendant's motion to dismiss is premised on the complaint that: "The complaint fails to state a claim upon which relief can be granted by virtue of the failure to plead the pertinent provisions of the Quebec Mining Act, which forms the basis of the claim stated herein."

The defendant cites numerous authorities (prior to the effective date of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c) to the effect that the courts of one country cannot take cognizance of the law of another without "plea and proof." See Dainese v. Hale, 91 U.S. 13, 23 L.Ed. 190, 193.

I am of the opinion that it is necessary to plead the pertinent provisions of the Quebec Mining Act, inasmuch as the complainant bases his claim for recovery against the defendant on the contention that the payment of taxes to the Province of Quebec, Canada, under the provisions of that Act, constitutes a payment of foreign income taxes for which credit may be claimed against income taxes due to the United States of America, and had the defendant moved for a more definite statement under Rule 12(e) such a motion would have been granted.

However, the complaint in this matter clearly indicates the type of litigation that is involved and the basis of the claim for relief, and it is well settled that a motion to dismiss a complaint for insufficiency is applicable, as a general rule, only where it is clear and apparent to the court that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the specific claim. Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865.

Since the primary purpose of the new rules is to expedite suits to early trial, it seems desirable in this case, in view of the expression above, to direct the complainant to amend his complaint within ten days by setting forth the pertinent provisions of the Quebec Mining Act.

Accordingly, the motion to dismiss is denied and leave is granted to the complainant to amend within ten days.

### Application of ZENITH RADIO CORPORATION.

### No. 941.

District Court, E. D. Pennsylvania.

Jan. 4, 1941.

