## UNITED STATES v. NATIONAL CITY BANK OF NEW YORK et al.

District Court, S. D. New York.
July 16, 1946.

See also 7 F.R.D. 68.

John F. X. McGohey, U. S. Atty., of New York City (Daniel M. Sandomire, Howard N. Meyer, and Joseph K. Reichbart, Sp. Attys., Department of Justice, all of New York City, of counsel), for plaintiff.

Shearman & Sterling & Wright and McClellan & Shrewsbury, all of New York City (John P. Carson and M. V. Voorhies, both of New York City, of counsel), for defendant National City Bank.

GODDARD, District Judge.

This is a motion by defendant, The National City Bank, under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, for a more definite statement and a bill of particulars of certain matters in plaintiff's reply which it is urged is not alleged with sufficient definiteness and particularity to enable defendant to prepare for trial.

The plaintiff, United States of America, sues to recover from the defendant $285,-036.19 allegedly due the Volga Kama Commercial Bank, a pre-Soviet Russian corporation, for a credit balance existing in its favor with the defendant bank on December 27, 1917, at which time Russia nationalized the banking industry and dissolved and liquidated the Volga Kama Commercial Bank, and that as a result Russia became the owner of the aforesaid credit balance, and that on December 16, 1933 Russia assigned said credit balance to plaintiff, who is now the owner.

The answer of the National City Bank affirmatively pleads in its Third and Fourth defenses that the National City Bank at the time in question had rubles 12,083,028.52 on deposit to its credit with the Volga Kama Commercial Bank and that after nationalization of that bank it had rubles 37,502,-384.40 on deposit with the State Bank of Russia, which balances both banks failed

242

and refused to pay at a time when the value of the ruble was thirteen cents.

The defendant also pleads affirmatively a debt owing to defendant by Russia upon promissory notes payable in dollars at the office of defendant in New York City, and a prior adjudication in this court in favor of defendant against Russia in respect to said debt.

Upon a motion by the defendant the plaintiff, by order of this court, served a reply to the above affirmative defenses on June 4, 1946. This reply alleges in Paragraph 7:

"Plaintiff further alleges that the claims set forth by defendant in the Third Defense and Fourth Defense of said answer have been paid, satisfied, and/or discharged in accordance with the applicable Russian law; * * *."

The defendant urges that this plea is not averred with sufficient definiteness or particularity to define the issues raised and to enable defendant to prepare properly for the trial, and asks for the following information so that it may be informed and prepare to meet them:

"1. For a more definite statement in respect to whether plaintiff claims actual payment or discharge without payment.

"2. For a more definite statement in respect to whether plaintiff relies merely upon the terms of the Russian law alleged or also upon action taken under such law.

"3. For a bill of particulars specifying:

"(a) An English translation of the Russian law relied upon, the name of the publication in which the law was officially promulgated and the date of such publication.

"(b) The action, if any, taken under said law, on what date, and by whom with respect to National City Bank.

"(c) The date and the amount of each payment of money, if any, to National City Bank."

In Paragraph 7 of the reply, plaintiff also alleges:

"that the United States has established, in consequence of the international compact with the Soviet Government of November 16, 1933, a procedure for globular settlement of all claims of American Nationals cognizable under public international law."

The defendant also urges that this allegation is not alleged with sufficient definiteness or particularity and in its motion demands the following:

"4. For a more definite statement whether plaintiff asserts that the claims pleaded by National City Bank are cognizable under public international law.

"5. For a bill of particulars specifying:

"(a) The action taken to establish such procedure, by what official or agency of the United States government, and on what date.

"(b) The full terms of such procedure, including any terms in respect to priority or preference in payment as between the United States of America and American nationals, and what amount of money the Soviet Government has paid or agreed to pay in consequence of the international compact under such procedure.

"(c) A copy of the written instruments, if any, which plaintiff claims established the globular procedure."

Rule 12(e) reads:

"(e) Motion for More Definite Statement or for Bill of Particulars. Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired. * * * A bill of particulars becomes a part of the pleading which it supplements."

The reply is the final pleading and no pleading is permitted thereafter. Cornell v. Chase Brass & Copper Co., Inc., D. C., 48 F.Supp. 979; Moore's Federal Practice, Volume 1, § 12.03, page 644.

There are many decisions denying a motion for a more definite statement or a bill of particulars when the information was not necessary for the purpose of preparing a responsive pleading, the theory in

those cases being that evidentiary details of questions of fact can best be secured under the rules for examination before trial and discovery, which usually is true. However, the case at bar presents a different situation. Rule 12(e) provides:

" * * * if no responsive pleading is permitted by these rules * * * a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial * * *."

So it seems clear that Rule 12(e) allows such a motion addressed to a reply. Cf. Moore's Federal Practice, Volume 1, § 12.03, page 644.

The granting or denial of a bill of particulars is within the sound discretion of the court. Rose v. United States, 10 Cir., 128 F.2d 622, certiorari denied 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524.

The rule in the Federal courts is that foreign law is a fact that must be pleaded and proved. Empresa Agricola Chicama Ltda. v. Amtorg Trading Co., D. C., 57 F.Supp. 649; Keasbey & Mattison Co. v. Rothensies, D.C., 1 F.R.D. 626; The Jean Jadot, D.C., 14 F.Supp. 161.

The plaintiff alleges in its reply that the claims set forth in the defendant's answer "have been paid, satisfied, and/or discharged in accordance with the applicable Russian law." This is merely an allegation of the pleader's conclusion of the effect of the Russian law and is not sufficient. The substance of the foreign law must be set out. Coronet Phosphate Co. v. United States Shipping Co., D.C., 260 F. 846. Keasbey & Mattison Co. v. Rothensies, supra.

I think that the defendant is entitled to have the insufficient allegations in the reply supplemented by a bill of particulars which becomes a part of the pleading, so that the defendant may be adequately informed of the issues raised and enabled to prepare for trial. Federal Trade Commission v. Biddle Purchasing Co., 2 Cir., 117 F.2d 29, at page 30; Fleming v. Southern Kraft Corp., D. C., 37 F.Supp. 232; Marin v. Knopf et al. D.C., 1 F.R.D. 436, 437; Courteau v. In-

terlake Steamship Co., D.C., 1 F.R.D. 429. Moreover, as Judge Learned Hand says in the Coronet Phosphate case, supra: "He is bound to set out its [the law] substance, so that the court may judge whether it has the effect which he ascribes". 260 F. at page 847.

Rule 16 or Rules 26–37 of the F.R. C.P. provide an adequate means for obtaining the other information requested in the motion papers, and there is no need for including such facts as part of the pleading.

The defendants' motion for a bill of particulars is granted as to the information requested in Paragraphs 1, 2 and 3(a) of the notice of motion. In other respects the motion is denied.

Settle order on notice.