**JENKINS v. PENNSYLVANIA R. CO.**
(two cases).

**Civ. Nos. 8827, 8884.**

United States District Court
E. D. New York.

May 9, 1949.

William Blank, Brooklyn, N. Y., for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City (David J. Mountain, Jr., New York City, of counsel), for defendant.

INCH, Chief Judge.

These two motions are practically identical. One is in a suit by plaintiff against the Pennsylvania, Civ.—8827. The other is by plaintiff against the Pennsylvania, Civ.—8884. The first action relates to an accident on February 10, 1947. The second relates to an accident on May 1, 1947. Both in the State of Pennsylvania. The motions can be decided in one memorandum.

The motions are made pursuant to Rule 26 of the Rules of Civil Procedure, 28 U.S. C.A. The attorney, Louis J. Carruthers, is a member of the New York City firm of Conboy, Hewitt, O'Brien & Boardman, attorneys for the defendant, Pennsylvania

298

R. R. Co. He is commanded to appear for examination, and by subpoena duces tecum, bring with him and produce the following: In No. 8827, "operating claim and legal file relative to the accident on February 10, 1947, statement or statements of certain brakemen, and any other statements by members of the crew who may have seen or have knowledge concerning the accident, any and all periodic medical examinations of the plaintiff during his employment with the Railroad, any medical records, hospital records, etc. of medical examinations of plaintiff conducted by the defendant or in the possession of the defendant with respect to previous accidents while in defendant's employ, work record of the plaintiff showing dates of service and dates of absence for the years 1945, 1946 and 1947, payroll records relating to plaintiff's employment during those years". In action No. 8884, the same request is made as to "any legal file, the names, etc. of any and all members of the crews of each of the alleged colliding trains, all medical records, hospital records, examinations of the plaintiff conducted by the defendant now in the possession of the defendant".

It will be seen at once that most, if not all, of this information now desired, should be in the possession of and belong to, the defendant Railroad Company, and presumably in the State of Pennsylvania, and cannot be said to be in the possession of the attorneys for the defendant. Reliance for such a sweeping examination of the attorney is urged because of the opinion of the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 395, 91 L.Ed. 451. The Hickman case, although it specifically related to personal information gathered by an attorney and his mental reactions to same, nevertheless, does suggest the proper use of the Rules for "discovery", well termed by Mr. Justice Jackson to be "one of the working tools of the legal profession." The opinion, therefore, is most helpful in directing the steps to be taken in the various rules which, however, were somewhat confused by the parties in the Hickman case.

■ I think it is clear that the mere fact that the party to be examined is an attorney for a defendant is not sufficient by itself to give him immunity from being examined, provided the information sought is not privileged and may be helpful in ascertaining or leading to the necessary facts. These rules, as said by Mr. Justice Murphy, are useful "for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark * * * [and they] are to be accorded a broad and liberal treatment." [329 U.S. 495, 67 S.Ct. 389, 392.] "Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had." "But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order."

■ For a plaintiff, therefore, to possibly thus harass an attorney, and seek to compel him to obtain from his client written documents in its possession relating to medical records, hospital records, and similar records and information and bring them, perhaps from another state, to an examination, exceeds the purpose contemplated, and also completely ignores the proper relationship between an attorney and his client, yet, as I have said, if the attorney has in his actual possession any such statement, record or records, and this is properly shown to be a fact, with due regard to his right of privilege, he then would be like any other witness in order to accomplish this purpose of "discovery".

There has been no showing here that any of the documents so required to be produced are in the actual possession of the attorney nor can any inference be reasonably drawn that they are or were in his actual possession. He may indeed well know who has charge of such documents and information, and thus give those seek-

ing same a right to examine such person or persons, as well as see the said written information. His examination, therefore, in the absence of proper proof of actual possession, may consist of informing those examining, of the names and other necessary information so that this disclosure may be properly made. If he has in his personal file statements of witnesses which might be useful and which are not privileged, he should make same available, if duly commanded to do so. Other rules are then applicable to such a situation.

In other words, Mr. Carruthers, as an attorney, can be properly a witness at an examination, and I do not see how this can be seriously objected to in order to carry out the liberal interpretation of these rules with due regard, of course, to his relationship of attorney and client. As Mr. Justice Murphy states, it was not contemplated "that all the files and mental processes of lawyers were thereby open to a free scrutiny of their adversaries".

Accordingly, in view of the absence of any proof or reasonable inference that Mr. Carruthers has in his actual possession the documents, records, etc. required in the sweeping subpoena duces tecum, the same is vacated without prejudice to a renewal of service thereof, if it should thereafter appear that he has possession of same, and can properly produce them. To that extent the notice in both actions is sustained, and the motion to vacate such notice is denied. Arrangements can be made with reasonable convenience to all parties for such examination of Mr. Carruthers, and obtaining from him information as to where and how the other records, etc. can be produced and examined.

It seems to me that the above is a fair and reasonable interpretation of the rules in the case of an attorney forbidding a violation of his privilege, but at the same time, making accessible useful information in the way of statements of witnesses, and similar non-privileged information in the possession of the attorney.

Perhaps this can be simply accomplished by the attorney informing the examining party, by letter or otherwise, by and from whom such information of possession can be obtained. However, I vacate the present subpoena on the present proof in both cases, and I sustain the notice for examination to the extent as above stated. The date of examination to be as stated in the order to be entered herein after settlement on notice.