GOLDBERG v. TRAVELERS FIRE INS. CO.

Civ. A. 4582.

United States District Court
W. D. New York.

April 27, 1950.

Dunn & Reingold, Buffalo, N. Y., for plaintiff.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

Plaintiff has moved to take the deposition of a witness who is one of the attorneys for the defendant. The subpoena duces tecum would require the witness to produce "all books, papers, records, reports, data and investigations by the defendant and the witness. The witness, for his firm of attorneys, has filed a counter motion to vacate and set aside the notice of taking the deposition and to quash the subpoena duces tecum on the ground that the testimony of the witness would be privileged; that he has no personal knowledge of any facts relevant to the case but his entire information is based upon depositions taken in the action at the instance of the plaintiff and the affidavits which were obtained under the direction of the witness, all of which affidavits and depositions are on file in the office of the Clerk of this Court; that the plaintiff has not shown the relevancy, good cause or materiality requisite to the taking of the deposition or the production of the requested records, books and papers or any necessity or justification for the examination or production of documents under the direction of the witness as counsel for the defendant in the defense of the action and that the plaintiff has not met the burden of showing good cause and adequate reasons for invading the privacy of the witness in the course of the preparation of the case for trial.

Plaintiff's motion seems to have been made pursuant to. Rule 26, Rules of Civil Procedure, 28 U.S.C.A. The attorney sought to be examined is John E. Dickinson, a member of the firm of Hodgson, Russ, Andrews, Woods & Goodyear, attorneys for the defendant. The fact that the witness to be examined is one of the attorneys for the defendant, does not give him immunity from being examined, provided the information sought is not privileged and that it may be helpful in ascertaining or lead to the necessary facts. Jenkins v. Pennsylvania R. Co., D.C., 9 F.R.D. 297. For a party to harass an attorney and seek to compel him to obtain from his client documents in its possession

and bring them to an examination exceeds the purpose contemplated under the rule and completely ignores the relationship between attorney and client. However, if the attorney has in his actual possession any such documents and that is shown to be the fact, having due regard to his right of privilege, he would then be like any other witness in order to accomplish the purpose of discovery. Jenkins v. Pennsylvania R. Co., supra. There has been no showing by the plaintiff here that there are any documents in existence. In fact, the statement in defendant's motion is that there are no documents except those which have been filed. In view of the absence of any proof or reasonable inference that Mr. Dickinson has in his actual possession any documents required in the subpoenae, the subpoena duces tecum is vacated without prejudice to a renewal of service thereof in the event it should appear that the attorney has possession of or can produce documents not protected by the privilege of the witness.

As to the examination of Mr. Dickinson. It was not contemplated under the rule that all the files and mental processes of lawyers were thereby opened to a free scrutiny of their adversaries. Sunday v. Gas Service Co., D.C., 10 F.R.D. 185. While it is essential that there should be knowledge of relevant facts, nevertheless the courts are not to be used to promote fishing expeditions. An attorney for a party is surrounded by a cloak of privilege and may avail himself of that protection. In other words, Mr. Dickinson can properly be a witness at an examination, with due regard to his relationship of attorney and client.

The subpoena duces tecum is vacated, and the notice of examination is sustained to the extent indicated. The date of the examination will be stated in the order which will be settled on notice.