### BERNSTEIN et al. v. N. V. NEDERLANDSCHE – AMERIKAANSCHE STOOMVAART – MAATSCHAPPIJ et al. (CHEMICAL BANK & TRUST CO., third party defendant).

United States District Court
S. D. New York.
Jan. 27, 1951.

See also 9 F.R.D. 557.

Bennet, House & Couts, New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, New York City, for defendant and third-party plaintiff.

Shearman & Sterling & Wright, New York City, for third-party defendant.

WEINFELD, District Judge.

Plaintiff moves for an order to direct the defendant to give proper and sufficient answers to enumerated interrogatories, also to direct the defendant to give further answers to other enumerated interrogatories when the facts relating thereto become known to the defendant. It is claimed that the answers heretofore served are insufficient.

In the first group are interrogatories which require the defendant to specify the foreign law upon which nine defenses and its counterclaim are based. The defendant answered that the subject matter was beyond its competence, "being left to defendant's lawyers to deal with as may be appropriate according to developments in the litigation." This answer discloses no information as to the substance of the defenses or counterclaim and plaintiff is entitled thereto. The defendant having pleaded foreign law, it is to be proved as a fact. Coronet Phosphate Co. v. United States Shipping Co., D.C., 260 F. 846, 847; Empresa Agricola Chicama v. Amtorg Trading Corp., D.C., 57 F.Supp. 649; United States v. National City Bank, D.C., 7 F.R.D. 241; Rowan v. Commissioner of Internal Revenue, 5 Cir., 120 F.2d 515; Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U.S. 397, 9 S.Ct. 469, 32 L.Ed. 788; Dainese v. Hale, 91 U.S. 13, 23 L.Ed. 190. The information would tend to narrow the issues—an important consideration in deposition—discovery procedure under the new Federal Rules of Civil Procedure, 28 U.S.C.A. The substance of the foreign law relied upon should be stated with appropriate citation of applicable statutes and one or more citations of decisional law, if any. The fact that such information is beyond the competence of the defendant will not avail it. "A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451.

Accordingly, interrogatories 7, 8(b), 9(b), 10, 11, 12, 13, 14(a), 16, 17(a), 19, 20 and 23 are to be answered as noted above.

The second group of answers as to which clarification or further information is sought are in a different category.

As to interrogatory 7A(d), defendant is directed to serve a further answer which shall set forth all information which it has or is obtainable from sources under its control, specifying each and every date from and after May 1936, when notice of default was given by the Chemical Bank & Trust Company; further specifying whether such notice was oral or in writing; if oral, the sum and substance thereof, and if in writing, setting forth a copy thereof if defendant has such copy, and if not, defendant's belief that such written notice was given. If the information is in the possession of a third party not under the defendant's control, there is an appropriate method available to plaintiff to secure the same.

The answers to interrogatories 15(a)1, 15(a)4 and 15(a)5, referring to substantial amounts which are "subject to computation" are inadequate and furnish no information. The defendant shall give further answers to these interrogatories within ten days following receipt, but in no event less than thirty days before commencement of trial.

Interrogatories 21(b) and 21(d) are directed to paragraph 81 of the answer containing the first counterclaim. This alleges an arrangement amongst the Chemical Bank the third party defendant, the

German Government and the Red Star Linie, G.m.b.H. for the sale and transfer of vessels and other property with the assumption and discharge of certain liens and obligations including an indebtedness of $1,412,319.42 of the plaintiff and another from liability on guarantees of indebtedness. While it is alleged these were all part of a single transaction in which the money consideration to Chemical Bank was the amount paid by the defendant as the purchase price of the vessels, it does not appear that the defendant was a party to the arrangement. The answering defendant claims it was a bona fide purchaser for value of the vessels from the Chemical Bank, which was brought into the action over the objection of the plaintiff. Bernstein v. N. V. Nederlandsche-Amerikaansche, etc., 2 Cir., 173 F.2d 71, 78.

The defendant was requested under interrogatories 21(b) and 21(d) to furnish the names of the persons who acted respectively on behalf of the Chemical Bank and the German Government in connection with such arrangements. In its answer thereto it set forth the names of the individuals acting on behalf of the Chemical Bank with whom the defendant dealt, and further stated that it did not know the names of other persons, if any, who may have acted on behalf of the Chemical Bank and that it was not advised as to the names of those, if any, who acted on behalf of the German Government in connection with the arrangements referred to.

It does not appear from the moving papers that the defendant has the information sought with respect to those persons who represented the parties to such arrangement or that such information is obtainable from sources under its control. Plaintiff, of course, is free to take the deposition of the third party defendant, or if it feels that its heretofore asserted position with respect to it may be prejudiced by its examination as a party, it may take the testimony of witnesses who may be in possession of such information. Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A.

Accordingly, this portion of the motion is denied.

Settle order on notice.