## MARKOVIC v. NATIONAL CITY BANK OF NEW YORK et al.

United States District Court, S. D. New York.

Jan. 23, 1952.

Major & Sintich, New York City (Jack H. Hantman, New York City, of counsel), for plaintiff.

Shearman & Sterling & Wright, New York City, for defendant.

Spence, Hotchkiss, Parker & Duryee, New York City (Robert M. Benjamin, Robert T. Tate, New York City, of counsel), for applicants for intervention.

WEINFELD, District Judge.

These are three separate motions for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The applicants are "Alcesu" Steamship Co., Ltd., organized in 1931 as a corporation under the laws of Yugoslavia, and two individuals, Anton Devo and Ante Sulicic, Yugoslavian nationals now residing in foreign countries.

The action which was instituted by plaintiff against the defendant, National City Bank of New York, to recover a deposit made by the corporate applicant in 1940, is based upon a Nationalization Decree promulgated by the Republic of Yugoslavia in 1946, which it is claimed vested title in plaintiff or his predecessor to all property of the "Alcesu" Steamship Co., Ltd., including the funds on deposit in New York City with the defendant-bank.

Following the commencement of this action, the defendant-bank, pursuant to an order of this Court, gave notice to various claimants, including the present applicants, of the right to commence an action to enforce their claims or to intervene pursuant to Section 51 of the Civil Practice Act of the State of New York. The said defendant's only interest in this action is to make certain that the funds are paid to those entitled thereto and that upon such payment it is released from liability to any other person.

The "Alcesu" Steamship Co., Ltd., as noted, was the depositor of the funds. Each individual applicant for intervention asserts a claim to a portion of the funds by virtue of certain agreements or assignments made by the corporate applicant long prior to the promulgation of the Nationalization Decree. Certainly, it is clear, and is indeed conceded by the plaintiff, that as between him and the "Alcesu" Steamship Co., Ltd. there exists a question of law or fact common alike to the principal action and to the proposed cross-claim and the defense. Basically this is the validity and the effectiveness of the Nationalization Decree, upon which plaintiff asserts title to the funds.

Notwithstanding this concession, plaintiff requests the Court, in the exercise of discretion, to deny the motions upon the ground that the Nationalization Decree also terminated the corporate existence of the "Alcesu" Steamship Co., Ltd., and hence it is without legal capacity to sue or to be sued. An affidavit is submitted by an expert in Yugoslavian law upholding plaintiff's contention with respect to the lack of corporate vitality of the corporate applicant and also the effectiveness and validity of the Nationalization Decree. Separate and apart from the issue as to whether that law is applicable under which plaintiff contends this Court is bound to recognize and enforce the decree (the moving applicants contend New York law governs), the determination of Yugoslavian law is one of fact. Bernstein v. N. V. Nederlandsche-Amerikaansche, etc., D. C., 11 F.R.D. 48, and cases cited therein. These issues should not be disposed of on a motion involving the discretionary power of the Court on an intervention application but should await a trial upon the merits.

While the grounds for intervention of the individual applicants are not as compelling as those of the corporate applicant, permission to intervene is granted inasmuch as their claims and defenses to the plaintiff's asserted rights are affected by the validity of the Nationalization Decree. Upon the facts presented, it would appear desirable that the questions of law and fact common to the plaintiff's cause of action and the claims of all the applicants be disposed of at one trial.

The granting of these applications will neither unduly delay nor prejudice the adjudication of the rights of the original parties. The motion of each applicant is granted.

Settle order on notice.