Collene W. McCALL, as Administratrix of the Estate of Travis M. McCall, deceased, Plaintiff,

v.

OVERSEAS TANKSHIP CORPORATION, Defendant and Third-Party Plaintiff,

NORTHWEST AIRLINES, Inc., Third-Party Defendant.

United States District Court, S. D. New York.

Feb. 1, 1954.

Mendes & Mount, by Kenneth R. Thompson, New York City, for defendant.

Bigham, Englar, Jones & Houston, by John J. Martin, New York City, for third-party plaintiff.

Keith Brown, New York City, and Elizabeth B. Crouter, Larchmont, N. Y., for Northwest Airlines, Inc.

BONDY, District Judge.

This is a motion for an order directing an attorney to answer questions asked on the taking of his deposition before trial of an action brought by the plaintiff as administratrix of the estate of Travis M. McCall against Overseas Tankship Corp. for damages sustained through the death of her husband Travis M. McCall in the course of his employment by the defendant which thereafter as a third-party plaintiff brought its action against Northwest Airlines as third-party defendant on the ground that the death of plaintiff's intestate was caused by carelessness and negligence on the part of the third-party defendant.

Plaintiff's husband, all other passengers and members of the crew lost their lives when the plane, in which they were, crashed. The plane was owned and operated by the Northwest Airlines under an agreement with the Overseas Tankship Corporation to bring home seamen in its employ from Shanghai, China.

The plaintiff does not specify the questions he desires to have answered or more fully answered.

That the witness is an attorney and not a party defendant does not relieve him of his duty to testify, Jenkins v. Pennsylvania R. Co., D.C., 9 F.R.D. 297, 298; cf. Hickman v. Taylor, 329 U.S. 495, 513, 67 S.Ct. 385, 91 L.Ed. 451; nor does the fact that he is the attorney for the third-party defendant. Cf. Bernstein v. N. V.

William A. Blank, Brooklyn, N. Y., for plaintiff.

Nederlandsche-Amerikaansche, D.C., 11 F.R.D. 48; Mattingly v. Boston Woven Hose & Rubber Co., D.C., 12 F.R.D. 266.

 The attorney-client privilege extends only to communications between an attorney and client which are confidential. Correspondence between Northwest Airlines and Overseas Tankship Corp. under the control or possession of an attorney does not constitute a confidential communication between attorney and client. Cf. Hickman v. Taylor, 329 U.S. 495, 508, 511, 67 S.Ct. 385, 91 L.Ed. 451.

The "work product" doctrine does not apply to information sought as to whether there was such "work product" but only to the information, if any, contained therein. In this examination under Rule 26, Fed.Rules Civ.Proc. 28 U.S.C.A. the plaintiff only seeks to have the witness identify certain documents and to state the names of witnesses. See 4 Moore's Federal Practice 1075 et seq. This is obviously preparatory to a proceeding under Rule 34 for the production and inspection of the documents or, under Rule 26, for permission to examine such parts of the "work products" of the attorney as are not privileged and as may be found necessary by the court under the special circumstances of this case.

The fact that all aboard the plane were killed, rendering it impossible to produce the testimony of anyone who witnessed the crash or the operation of the plane, possibly may be held to be sufficiently good cause for the production, inspection and taking of testimony as to the attorney's professional activities upon proper application. Hickman v. Taylor, supra, 329 U.S. at pages 511–513, 67 S.Ct. 385.

Specifically referring to the objections raised in defendant's memorandum the rulings of the court are as follows:

The witness should answer whether he has any statements of witnesses to surrounding circumstances, including the names of any witnesses other than those mentioned in the transcript of minutes of the Civil Aeronautics Board, which are accessible to the plaintiff.

The fact that the plaintiff may examine defendant corporations does not affect the witness' obligation to answer any question as to matter not privileged.

The witness must sufficiently identify the documents which are in his possession and under his control. Alltmont v. U. S., 3 Cir., 177 F.2d 971, 978.