**Delma A. RILEY, as Administratrix of the Estate of Earl F. Riley, Deceased, Plaintiff,**

v.

**UNITED AIR LINES, INC. and Trans World Airlines, Inc., Defendants.**

United States District Court
S. D. New York.

Dec. 18, 1962.

Speiser, Shumate, Geoghan & Law, New York City, for plaintiff. Charles F. Krause, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant United Air Lines Inc. Walter E. Rutherford, New York City, of counsel.

McLEAN, District Judge.

This is a motion under Rule 37(a) to compel further answers to certain of plaintiff's interrogatories addressed to defendant United Air Lines Inc. This action, to recover damages for the death of plaintiff's husband, was commenced on May 2, 1961. On October 20, 1961, plaintiff served interrogatories upon defendant. The form of these interrogatories was compromised by agreement in January 1962, and without any further objection, defendant served answers in August 1962. Defendant's answers to which plaintiff objects can be placed in three categories:

1. Answers in which defendant stated that it had no "corporate knowledge" of the subject matter of the interrogatories.

2. Answers in which defendant stated that it did not have sufficient information to respond to the interrogatory at the present time, but that it would file further answers when it completed its discovery procedures.

3. Answers which plaintiff now claims are unresponsive.

Before considering the sufficiency of these answers, two preliminary objections must be disposed of.

■ Defendant first opposes plaintiff's motion on the ground that plaintiff did not comply with Rule 9(e) of the General Rules of this Court in that plaintiff, in her motion papers, did not set forth her objection to defendant's answers to each interrogatory immediately following the quoted interrogatory and answer. The purpose of Rule 9(e) would seem to be to promote clarity; and plaintiff's motion papers, although not technically complying with the rule, do set out with clarity the basis of plaintiff's objections to defendant's answers. Furthermore, Rule 9(e), unlike other sections of Rule 9, does not indicate any sanction for failure to comply with its provisions. Defendant's objection on this ground is overruled.

Defendant also claims that plaintiff's objections to the interrogatories are not timely. The answers were served on August 7, 1962. Plaintiff, by two additional interrogatories, sought an explanation of what defendant meant by the phrase "no corporate knowledge." Defendant's answers to these additional interrogatories were served on September 12. The present notice of motion was served on October 26.

■■ No specific provision is made, nor time limit set in the Federal Rules for a motion to compel further answers to interrogatories. The closest analogy to this motion is a motion under Rule 37 (a) to compel answers; and the cases in the Southern District have so treated it. Cozier v. American Airlines, Inc., 25 F. R.D. 268 (S.D.N.Y.,1960). However, Rule 37(a) itself does not provide a time limit. The question, then, is whether a motion to compel further answers must be brought within ten days, as must objections to the interrogatories themselves under Rule 33, or whether another time period, such as a "reasonable time" is to control.

As an analogy defendant mentions Rule 115(d) of the New York Rules of Civil Practice which provides that a party must move for a further bill of particulars within ten days after receipt of a defective bill.

The fact that no time limit was provided in Rule 37(a) of the Federal Rules is significant. It could have easily been provided that the interrogating party should move to compel answers within

ten days after the due date for answers or within ten days after the time when inadequate answers were served. Evidently the drafters of the Rules did not see fit to place this burden on the interrogating party who, because his interrogatories were not objected to, has a right to expect complete answers to them. Moreover, while ten days might be thought sufficient for a party to decide whether questions are in proper form, it would not always be enough time to sift through lengthy answers and judge their completeness. Lastly, it would not be wise, in terms of the economy of judicial administration, to require a party to make an immediate motion to compel further answers when the information he seeks might be available through other discovery devices. If so obtained, the need for such a motion would be obviated. Plaintiff indicates that the source of delay here was the unsuccessful attempt to obtain the withheld information by depositions. I conclude that a ten-day limitation period should not be read into Rule 37(a), and that the six-week delay in bringing on this motion, in light of the reasons advanced for the delay, was not unreasonable. This objection is accordingly overruled.

I turn now to the merits of plaintiff's motion.

■ 1. Plaintiff complains that defendant answered interrogatories numbered 13(i), 31(c), 44(a) and (b), 45(a), (b), (c), (d) and (f), 46(a) and (b), 47, 55, 56, 57, 58(a) and (b), 88(a), 94(c) and (d), 96(b) and (c), 97(c), 99(a) and (b) and 100(b), by stating that, "Defendant has no corporate knowledge." In a few instances defendant added a bit of information to this flat statement. Plaintiff, by additional interrogatories, asked defendant to explain what it meant. In its answer to the additional interrogatories, defendant stated that in most instances, "no corporate knowledge" means that "defendant has no knowledge sufficient to answer the said interrogatories because all of the crew members died in the accident." In a few instances the phrase means that defendant has "no direct knowledge" or that defendant has "no knowledge of the matters referred to in the interrogatory other than alleged statements and information made known at the Civil Aeronautics Board hearing." These answers make it reasonably clear that by "knowledge" defendant refers to direct personal knowledge of living employees, and that defendant intends to exclude information which it has obtained from third persons.

Defendant did not object to these interrogatories, hence their propriety is not in question. It is apparent from the opposing affidavit that defendant has already obtained certain information from third persons relating to some of the interrogatories, hence it is not a matter of requiring defendant to seek it out. In this situation, defendant should furnish whatever information it now has, regardless of when or from whom it acquired it. Cozier v. American Airlines, Inc., 25 F.R.D. 268 (S.D.N.Y.1960); 4 Moore Federal Practice, p. 2333; Bernstein v. N. V. Nederlandsche, 11 F.R.D. 48 (S.D.N.Y. 1951), cited by defendant, does not seem inconsistent with this conclusion. There, on a motion to compel further answers, the court directed defendant to furnish "all information which it has or is obtainable from sources under its control."

■ Defendant may state in its answers what the source of the information is, if it so desires, and where the information has been obtained by persons under defendant's control solely from third persons, defendant is not required to admit its accuracy. If no one under defendant's control now has any information from any source as to a particular interrogatory, defendant may so state under oath, and such a statement shall be a sufficient answer. Similarly, if the information already furnished, in the few instances in which defendant has furnished any, is all the information that defendant now has on the subject, it may so state under oath. These safeguards

should be sufficient to protect defendant from any prejudice in other litigations to which it is a party.

2. Defendant answered Interrogatories 78 through 83 by stating, "The defendant does not have sufficient information with which to answer this interrogatory at this time. This interrogatory will be among the subjects of extensive investigations, depositions, and other discovery proceedings to be conducted in this action. Defendant will supply a further answer to this interrogatory after the completion of these proceedings."

Plaintiff claims that defendant should set forth at this time any information which it now has with respect to the subject matter of these interrogatories, and should furnish any further information when defendant obtains it. There is authority in support of plaintiff's position. R.C.A. Mfg. Co. v. Decca Records, 1 F.R.D. 433 (S.D.N.Y.1940).

Defendant now objects to answering the interrogatories on the ground that they call for legal conclusions and legal theories. Defendant has not heretofore objected. Even if it be assumed that objections need not be timely in the case of interrogatories calling for the "work product" of a party's attorney (see Bohlin v. Brass Rail, 20 F.R.D. 224 (S.D.N.Y. 1957)), I am not persuaded that these questions come within that category. Cf. Hartsfield v. Gulf Oil Corp., 29 F.R.D. 163 (E.D.Pa.1962).

■■ Moreover, in the answer which it has already served, defendant has expressly undertaken to supply a further answer when it has completed discovery. Defendant has clearly waived any objection which it might otherwise have, and should not be heard at this time to question the propriety of the interrogatories. Defendant is directed to supply whatever information it now has in response to Interrogatories 78 through 83, and to furnish at a later date any additional information that it may obtain.

■ 3. Plaintiff claims that the answers to Interrogatories 9, 33(i) and 89 (b) are unresponsive. It is obvious that on their face they are, and defendant appears to agree at least with respect to No. 89(b). Defendant is directed to serve further answers furnishing such information as it has. Here, again, it may qualify its answers, if necessary, as indicated with respect to the interrogatories discussed in Item 1 above.

Motion granted. Settle order on notice.